823 P.2d 91

The STATE of Arizona, Appellee/Cross–Appellant/Respondent.

v.

Chris Allen KASTEN, Appellant/Cross–Appellee/Petitioner.

Nos. 2 CA–CR 91–0195, 2 CA–CR 90–0239–PR.

Court of Appeals of Arizona, Division 2, Department B.

May 31, 1991.

Redesignated as Opinion June 19, 1991.

Review Denied Feb. 4, 1992.

---

Grant Woods, Atty. Gen. by Paul J. McMurdie and Jack Roberts, Phoenix, for appellee/cross-appellant/respondent.

Jim D. Himelic, Tucson, for appellant/cross-appellee/petitioner.

## OPINION

FERNANDEZ, Chief Judge.

Appellant appeals from his conviction on four counts of child molestation, four counts of sexual conduct with a minor under the age of 15, and one count of sexual abuse. He contends that the trial court erred in 1) granting the state a continuance rather than dismissing the charges, 2) entering an order precluding defense counsel access to the victim, 3) refusing to grant immunity to a witness, 4) denying appellant's motion for new trial, and 5) denying appellant's petition for post-conviction relief. He also argues that his sentences on counts 8 and 9 constitute cruel and unusual punishment. We find no error and affirm.

The victim and her mother moved to Tucson in 1982 with appellant, her mother's boyfriend. The victim testified that appellant engaged in sexual conduct with her from November 1982 to December 1985. She was 11 years old when the conduct began. The victim testified that appellant touched her vagina, performed oral sex on her, placed her hand on his penis, and had her suck his penis. On one occasion, when she refused appellant's request to have intercourse with him, he found a Maxi–Pad, placed it in her vaginal area, put his penis between her legs, and rubbed back and forth. She also testified that in November 1985, appellant had her perform fellatio upon him, and in December 1985, he forced her to let him lick her breasts. Throughout the period, appellant told the victim not to tell anyone about the incidents.

Appellant was convicted on all counts after he was tried in absentia. Counts 8 and 9, covering the incidents in late 1985, were alleged to be dangerous crimes against children. Appellant was sentenced to a six-year term of imprisonment, a seven-year term, and five terms of 14 years each. All are mitigated and concurrent terms. Because the dangerous crimes against children statute, A.R.S. § 13–604.-01, became effective in May 1985, appellant was sentenced on counts 8 and 9 to consecutive terms of life imprisonment, to be served consecutively to the first seven counts. Appellant's motion for new trial, based on the victim's subsequent recantation, was denied. After the appeal was filed, appellate counsel filed a petition for post-conviction relief, alleging that appellant's confession was involuntary and that his trial counsel was ineffective in not filing a motion to suppress the statement. The motion was denied after an evidentiary hearing. The review of that denial has been consolidated with the appeal.

### GRANTING OF STATE'S MOTION TO CONTINUE

■ On the day set for trial, appellant's trial counsel appeared and informed the court that he had just received the state's motion to continue, which was based on the fact that the victim had run away from the out-of-state relatives with whom she was staying and her whereabouts were unknown. Defense counsel then moved to dismiss the charges. The court continued the matter until that afternoon because the prosecutor was not present. That afternoon the prosecutor appeared and stated that she had learned only the Friday before that the victim was missing and that she had then made efforts to locate the victim through her mother but had been unsuccessful. The prosecutor also stated that for two months the parties had been negotiating a plea and had not anticipated going to trial.

The trial court denied appellant's motion to dismiss and granted the state a continuance, finding that the prosecutor had no knowledge the victim was reluctant to testify. The court also set a hearing for three days later to determine more about the victim's whereabouts.

Appellant contends that the court erred in granting the state a continuance and in denying his motion to dismiss the charges. The only prejudice he asserts is his contention that if the state had been forced to go to trial on that date, it would not have been prepared to proceed and would have had to dismiss the case. Appellant cites no authority in support of his contention that the rulings were erroneous.

■ The granting of a continuance is within the sound discretion of a trial court. *State v. Williams*, 144 Ariz. 433, 698 P.2d 678 (1985). The prejudice that a defendant must show to establish an abuse of that discretion must go to his inability to present a defense, not to the state's ability to make its case. *State v. Zuck*, 134 Ariz. 509, 658 P.2d 162 (1982). Under the circumstances of this case, we find no abuse of discretion in the granting of the continuance.

## ORDER PRECLUDING ACCESS TO THE VICTIM

■ Three days after the court granted the motion to continue, a hearing was held to determine where the victim was. A discussion was held with the mother's attorney about granting her immunity in order to have her disclose the victim's whereabouts. The mother testified after she was granted use immunity. At the end of the hearing, the court ordered that appellant, his counsel, and the victim's mother were precluded from contacting the victim only until after she had been located and subpoenaed to appear at trial. The court also instructed them to advise the victim to contact the prosecutor if she called them.

Appellant argues that the order was improper and served to place the trial court in the position of being an advocate for the prosecutor, citing *State v. Brown*, 124 Ariz. 97, 602 P.2d 478 (1979). We find no

merit to his contention. Pursuant to Rule 15.5(a), Ariz.R.Crim.P., 17 A.R.S., a trial court has the authority to enter protective orders under certain circumstances. In *State v. McMurtrey*, 136 Ariz. 93, 664 P.2d 637, *cert. denied*, 464 U.S. 858, 104 S.Ct. 180, 78 L.Ed.2d 161 (1983), the court granted the prosecution a protective order and refused to order disclosure of the addresses of several witnesses. The court, however, ordered that the witnesses be made available for interviews.

In this case, the court noted that the circumstances surrounding the victim's departure from the state were suspicious and that it was appellant who informed his counsel that she had run away from her aunt's home. The victim's mother supported appellant rather than her daughter. She was the only one who knew the victim's address, and she refused to disclose it until she was granted use immunity. Under the circumstances, we find no merit to appellant's contention that the trial court served as an advocate for the state. The court properly exercised its authority to secure the attendance of the victim at trial. We find no abuse of discretion in the ruling.

## REFUSAL TO GRANT IMMUNITY

■ The victim's mother would not reveal her daughter's address until she was granted use immunity. After she disclosed the address, appellant's counsel sought to question her about the prosecutor's knowledge of the date when the victim had left Arizona. The state objected and the court sustained the objection after the mother's attorney stated that the questions appellant wanted to ask exceeded the scope of the immunity. Nearly three weeks later, appellant moved for an order granting the mother use immunity for the questions he wanted to ask. The motion was denied. Appellant called the mother at trial and asked her four questions before she invoked the Fifth Amendment. She was then excused.

Appellant acknowledges that A.R.S. § 13–4064 authorizes only the state to re-

quest a grant of immunity but argues that the court's refusal to grant the mother immunity violated his Sixth Amendment right of confrontation. We disagree. The law is clear in Arizona that a trial court has no authority to grant immunity. *State v. Jeffers*, 135 Ariz. 404, 661 P.2d 1105, *cert. denied*, 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983); *see also State v. Axley*, 132 Ariz. 383, 646 P.2d 268 (1982).

## DENIAL OF MOTION FOR NEW TRIAL

■■■ Appellant's motion for new trial was based upon a deposition of the victim taken after trial in which she recanted and testified that there had been no sexual conduct between her and appellant. Instead, she attributed the sexual contacts about which she had testified at trial either to her father or to her boyfriend. After hearing arguments and reading the deposition, the court made the following findings:

1. Recanted testimony is to be regarded with suspicion. *State v. Sims*, 99 Ariz. 302, 409 P.2d 17 (1966);

2. [The victim]'s trial testimony was consistent with prior statements given to social workers and police;

3. Defendant's confession supports the reliability of [the victim]'s trial testimony;

4. The court finds [the victim]'s recantation testimony, as expressed in her deposition, to be inconsistent and not credible.

Our supreme court has said that " '[t]here is no form of proof so unreliable as recanting testimony.' " *State v. Sims*, 99 Ariz. 302, 310, 409 P.2d 17, 22 (1965), *cert. denied*, 384 U.S. 980, 86 S.Ct. 1880, 16 L.Ed.2d 691 (1966), quoting *People v. Shilitano*, 218 N.Y. 161, 170, 112 N.E. 733, 736 (1916). The trial court determines the credibility of a recanting witness. *State v. Fisher*, 141 Ariz. 227, 686 P.2d 750, *cert. denied*, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984). We find no error in the court's denial of the motion for new trial.

## DENIAL OF POST–CONVICTION RELIEF

■■■ Appellant's petition for post-conviction relief alleged that he received inef-fective assistance of trial counsel because counsel failed to file a motion to suppress the appellant's statements to a police detective. He acknowledges that his counsel did file a motion to suppress but complains that it was not based on the proper grounds. Appellant's argument is twofold. It is based on the victim's affidavit stating that she had agreed to wear a body bug and to speak to appellant because the police had promised her that appellant would not be arrested and that the police would obtain help for him. We note that she testified similarly on cross-examination at trial. Appellant also claims that he made incriminating statements to the detective only after the detective told him that he did not think appellant would go to jail and that they could "work things out." The detective testified that he had promised the victim only that appellant would not be arrested in her presence, a promise that his supervisor broke. The detective testified that he never promised appellant anything.

After an evidentiary hearing the court found as follows:

1. Petitioner's trial counsel's conduct did not fall below the minimum standard for defense counsel. The fact that Petitioner voluntarily absented himself from the proceedings and did not appear for trial had an adverse affect [sic] on [trial counsel's] ability to conduct a defense, but that was a decision made by Petitioner, not his counsel.

2. The taped conversation between Petitioner and [the victim] was not involuntary on Petitioner's part, as no promises or threats were made to him by the police or anyone else.

3. Petitioner's taped statement of 11 November 1987 to Detective Millstone of the Tucson Police Department was not involuntary nor was it taken in violation of Petitioner's *Miranda* rights.

Appellant has failed to show either that reasonably competent counsel would have moved to suppress appellant's statement under the circumstances or that a motion

to suppress on those grounds would have been granted. We find no error in the denial of post-conviction relief.

## EXCESSIVE SENTENCE ON COUNTS 8 AND 9

■ Appellant also contends that it was improper to sentence him under the dangerous crimes against children statute on counts 8 and 9. Count 8 was a sexual conduct with a minor charge for an act of fellatio appellant had the victim perform on him in November 1985, and count 9 was for sexual abuse in December 1985 when appellant licked the victim's breasts.

Appellant argues that A.R.S. § 13–604.01, which became effective in May 1985, does not apply because the evidence did not establish that the acts occurred in 1985. As proof of that, appellant points to one statement the victim made to police in which she stated that those two sexual contacts had occurred in the fall of 1984. At trial, the victim testified that the contacts occurred in the fall of 1985. She was not impeached on cross-examination with her statement in which she said they had occurred in 1984. In its verdict, the jury found that the acts occurred as charged in the indictment. That finding is supported by the evidence. We find no merit to appellant's argument.

■ Finally, appellant contends that the consecutive life sentence imposed on count 9 constitutes cruel and unusual punishment because, at the time it was committed, the victim was 14-½ years old. Citing *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) and *State v. Bartlett*, 164 Ariz. 229, 792 P.2d 692, *petition for cert. filed*, 39 U.S.L.W. 3252 (U.S. Oct. 2, 1990) (No. 90–473), appellant argues that his life sentence on that count cannot stand because the victim has since recanted her trial testimony and because the sentence is disproportionate to the sentences imposed in counts 1 through 7 for acts that occurred when the victim was younger.

As the state observes, however, count 9 was not an isolated act but was the last in a series of sexual offenses that began when the victim was only 11. Unlike the facts in *Bartlett*, no consensual acts with a post-pubescent female took place here. In each instance, the victim testified that she had not wanted to engage in the conduct. Moreover, appellant stood in a parent-child relationship with the victim, which was not the case in *Bartlett*.

Under *Solem v. Helm*, supra, we are required to examine the gravity of the offense and the harshness of the penalty, compare other sentences imposed in this jurisdiction for more serious crimes, and compare the sentences imposed in other jurisdictions for the same crime. Our supreme court has previously applied that analysis to uphold sentences imposed under A.R.S. § 13–604.01 for dangerous crimes against children. *State v. Jonas*, 164 Ariz. 242, 792 P.2d 705 (1990); *State v. Taylor*, 160 Ariz. 415, 773 P.2d 974 (1989). We are bound by those decisions. This court has twice rejected appellant's argument that a long sentence imposed for sexual misconduct with a minor violates the constitutional proscription against cruel and unusual punishment. *State v. Smith*, 156 Ariz. 518, 753 P.2d 1174 (App.1987); *State v. Crego*, 154 Ariz. 278, 742 P.2d 289 (App.1987). We do so again. We find no cruel and unusual punishment violation in the sentence imposed in count 9.

Affirmed.

HOWARD, P.J., and JAMES C. CARRUTH, Superior Court Judge *, concur.

* A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Court of Appeals, Division Two, pursuant to

Arizona Supreme Court Order filed July 25, 1990.