**Frank STEFFENSEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3947.**

Court of Appeals of Alaska.

Aug. 28, 1992.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Cynthia L. Herren, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Frank Steffensen appeals from the superior court's dismissal of his petition for post-conviction relief. We affirm.

On May 5, 1988, Steffensen was in the Cottage Bar in Fairbanks. Fairbanks Police Officer L.C. Brown was dispatched to the Cottage Bar to investigate a tip that another man, J.S., who was wanted on an outstanding warrant, was present in the bar. When Officer Brown entered the bar, he approached Steffensen because Steffensen, of all the people present in the bar, most resembled the description of J.S.. Steffensen identified himself as "Donald Felix" and produced an identification card with that name. However, the picture on this ID card did not match Steffensen. Brown asked Steffensen to step outside. Steffensen refused.

At this time, another officer arrived to provide backup. This officer recognized Steffensen from a previous arrest. The officers then ran a records check on Steffensen and discovered that there was an outstanding $5000 bench warrant for his arrest. Even though Steffensen continued to deny that his name was Steffensen, the officers arrested him and took him outside. Before placing him in the patrol car, the officers searched Steffensen for weapons and found a bag of white powder, United States currency, and items of drug paraphernalia (glass vials, a glass pipe, and a needle). After Officer Brown transported Steffensen to jail, he checked the rear seat of his patrol car and found a paper "slip" containing white powder, an item that had not been there before Steffensen's arrest.

Steffensen was charged with third-degree misconduct involving a controlled substance (possession of cocaine with intent to deliver). AS 11.71.030(a)(1). He eventually pleaded no contest to a reduced charge of fourth-degree misconduct involving a controlled substance (simple possession). AS 11.71.040(a)(3)(A).

On July 12, 1990, Steffensen (now represented by the Public Defender Agency) filed an application for post-conviction relief under Alaska Criminal Rule 35.1. In this application, Steffensen's new attorney asserted that Steffensen should be allowed to withdraw his plea because his original attorney had incompetently failed to seek suppression of the evidence against him, even after Steffensen had urged the attorney to investigate and pursue a suppression motion.

The State asked the superior court to dismiss Steffensen's petition because it did not contain an affidavit from Steffensen's original attorney; the petition therefore failed to comply with Criminal Rule 35.1(d) as interpreted in *State v. Jones*, 759 P.2d 558 (Alaska App.1988). Moreover, Steffensen's petition did not contain an affidavit from Steffensen himself, thus violating the requirement of Criminal Rule 35.1(d) that "[f]acts within the personal knowledge of the applicant shall be set forth separately from other allegations of facts and shall be under oath."

Steffensen responded by supplying an affidavit from his original attorney. This affidavit reads (in its entirety):

1. I was the attorney for [Steffensen] in the above entitled action at the trial level.

2. After reviewing the police reports received in this matter, I determined that a motion attacking the arrest was not appropriate.

3. It is my recollection that [the] reduction of the charge in this matter was the product of the weakness in the

State's case and [Steffensen's] willingness to [go to trial on] the issue of possession with intent to deliver. To my recollection, the reduction in charge was not in any manner related to the filing or not filing of a motion with respect to the [initial] stop.

On November 18, 1990, Superior Court Judge Niesje J. Steinkruger issued notice that she intended to dismiss Steffensen's application. She concluded that Steffensen had failed to assert sufficient facts to warrant the inference that Steffensen's original attorney had acted incompetently when he decided not to file a suppression motion.

Judge Steinkruger gave Steffensen 30 days to supplement his application or to respond in some other manner to the intended dismissal. This deadline was later extended to January 18, 1991. On that day, Steffensen filed an affidavit in which he stated his own version of events.

In his affidavit, Steffensen asserted that it was unreasonable for Officer Brown to have approached him in the bar because he (Steffensen) was several inches shorter, eight years older, and about 30 pounds lighter than the description of J.S. that had been furnished to Brown. Steffensen conceded that, in response to Brown's request, he had produced false identification and then had refused to step outside the bar. However, Steffensen contended that the police searched him (and discovered the drugs he was carrying) *before* they found out that there was an outstanding warrant for his arrest.

In this same affidavit, Steffensen asserted that he had told his original attorney that he believed he had been illegally arrested. In fact, the attorney's file contains several pages of legal research notes which Steffensen apparently provided to his attorney. These notes (appended to Steffensen's supplemental application) are summaries of various state and federal cases dealing with investigative stops and the legality of a police officer's requiring another person to produce identification.

Judge Steinkruger found that, even thus supplemented, Steffensen's petition for post-conviction relief still failed to state a prima facie case of attorney incompetence. Noting that *State v. Jones* establishes a presumption that an attorney has acted competently, Judge Steinkruger ruled that Steffensen's amended application failed to rebut the presumption that his attorney had made a tactical decision not to pursue a suppression motion:

> [Steffensen's] application alleges facts that, even if true, do not rule out the possibility that the trial counsel's failure to file a motion to suppress evidence was a sound tactical choice. Without knowing what motivated the trial attorney, it is virtually impossible for the court to determine whether or not the attorney's action was tactical. The appellate courts have [repeatedly rejected] ineffective assistance of counsel claims where, as here, the record failed to contain allegations or proof to refute the possibility that the challenged conduct of trial counsel resulted from sound tactical choice.

Steffensen filed a motion for reconsideration, arguing that his attorney's failure to file a suppression motion could not be considered "tactical" because (1) the defense attorney had not obtained any concession from the State in exchange for not filing the motion, and (2) there was no other logical reason to refrain from filing a suppression motion, since the granting of such a motion would have resolved the case in Steffensen's favor. Judge Steinkruger reaffirmed her decision on March 19, 1991.

On appeal, Steffensen renews his argument that his pleadings established a prima facie entitlement to post-conviction relief. He argues that, when his factual allegations are read in the light most favorable to him, the post-conviction relief petition shows that Steffensen's original attorney, without apparent reason, failed to pursue a potentially dispositive suppression motion even after Steffensen urged him to do so.

Steffensen is correct that, in the initial stage of a post-conviction relief proceeding, when the superior court decides whether the defendant's petition states a prima facie case for relief, the superior court is obliged to view the factual allega-

tions of the defendant's petition in the light most favorable to the defendant. See *State v. Jones*, 759 P.2d at 565 (the superior court's determination under Criminal Rule 35.1(f) is equivalent to a ruling on a motion under Civil Rule 12(c) for judgement on the pleadings), and *J & L Diversified Enterprises, Inc. v. Anchorage*, 736 P.2d 349, 351 (Alaska 1987) (an appellate court reviewing a dismissal on the pleadings must accept as true all well-pleaded allegations of fact contained in the appellant's trial court pleadings). However, even when Steffensen's petition is evaluated in this light, we agree with Judge Steinkruger that the petition (as amended) still failed to state a claim upon which relief could be granted.

Steffensen's primary argument is that, since there was everything to gain and nothing to lose by filing a suppression motion, his attorney must have been acting incompetently when he decided not to file such a motion. This argument—that a defense attorney is obliged to pursue every non-frivolous motion—was squarely rejected in *State v. Jones*. There, this court quoted with approval the following language from *United States v. DeCoster*, 624 F.2d 196, 211 (D.C.Cir.1976) (en banc):

> [G]iven an unrestricted budget and freed of any constraints as to probable materiality or accountability, a lawyer might ... cheerfully [log in] many hours looking for the legal equivalent of a needle in a haystack.... [A] millionaire might [retain] counsel to leave not a single stone unturned. However, a defendant is not entitled to perfection but to basic fairness. In the real world, expenditure of time and effort is dependent on a reasonable indication of materiality.

*Jones*, 759 P.2d at 572.

Steffensen's affidavit declares that the police officers misrepresented the facts of the encounter at the Cottage Bar; specifically, Steffensen disputes the officers' assertion that they did not search Steffensen until after they discovered that there was an outstanding warrant for his arrest. However, Steffensen's affidavit does not assert that he ever communicated this conflicting version of events to his attorney. In fact, in both his petition to the superior court and in his brief to this court, Steffensen faults his attorney for allegedly failing to discuss the facts of the case with Steffensen before deciding to forego a suppression motion. This allegation—that no conversations took place between Steffensen and his attorney—is likewise unsupported by either Steffensen's affidavit or his attorney's affidavit; both affidavits are silent on this point.

To establish prima facie entitlement to post-conviction relief, it was essential for Steffensen's pleadings to establish either that he communicated his version of events to his attorney or that his attorney refused him any reasonable opportunity to do so. As this court noted in *State v. Jones*,

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. When a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigative decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Jones*, 759 P.2d at 569, quoting *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

Moreover, even if Steffensen's affidavit had affirmatively asserted that he told his attorney about his differing version of the events at the Cottage Bar, the fact remains that the trial attorney's affidavit does not address this crucial point. It appears that Steffensen never confronted his attorney with this allegation when he asked the attorney to provide an affidavit for the post-conviction relief application. Thus, Steffensen's petition remains deficient.

This is not to say that a defendant whose attorney is not completely forthcoming must therefore face dismissal of a post-conviction relief action. A defendant can

satisfy the requirements of *State v. Jones* either by supplying an affidavit from the attorney or by showing that the attorney will not supply a comprehensive affidavit. *Jones*, 759 P.2d at 570. But Steffensen offered the superior court no explanation of why his trial attorney's affidavit failed to address this crucial issue of fact.

Steffensen asserts that his trial attorney admitted that the only reason he failed to file a suppression motion was that the time for filing such a motion had expired. This is a mischaracterization of the record. Steffensen's affidavit asserts that, "shortly after the omnibus hearing", he spoke to his attorney "about the need to address the propriety of the search of [his] person by Officers Brown and Colleta". At that time, according to Steffensen, his attorney responded that "the time for the filing of motions was over." This, however, is not equivalent to an assertion that the attorney had never given the matter any thought before. Indeed, when Steffensen's application is considered in its entirety, the application establishes that Steffensen's attorney actively considered filing a suppression motion but then concluded that he should not. The attorney kept Steffensen's legal research notes in his file, and his affidavit states that, after reviewing the police reports, he affirmatively decided that filing a suppression motion would not be "appropriate".

It was Steffensen's burden to clarify the facts underlying his claim of attorney incompetence. Even viewed in the light most favorable to Steffensen, his petition does not establish that his attorney's reason for failing to file the suppression motion was that the attorney completely overlooked or unreasonably failed to investigate the potential motion until it was too late to do anything about it. The petition was therefore subject to dismissal under Criminal Rule 35.1(f)(2).

Steffensen also faults his attorney for failing to review the grand jury record or to independently investigate the circumstances of the encounter at the Cottage Bar before deciding not to file a suppression motion. However, Steffensen does not indicate how such a review or such an investigation would have yielded pertinent information.

In summary, an attorney's strategic decisions—including which potential defenses to pursue and whether to object to or seek suppression of the evidence offered by the government—generally rest on considerations that are not directly addressed in open court. Post-conviction relief litigation allows a defendant to delve into the bases for his or her attorney's decisions in order to show that the attorney's decisions fell below the range of competency expected of criminal law practitioners. But, as this court has repeatedly stated, the burden of proving incompetence rests on the defendant. When the record does not adequately reveal the basis for the attorney's decision, the defendant has failed to establish a case for post-conviction relief. *State v. Jones*, 759 P.2d at 569.

As Judge Steinkruger found, Steffensen's pleadings offer no firm explanation of why Steffensen's attorney made the challenged decision. Under *State v. Jones*, the superior court was obliged to presume that the attorney's decision was a competent one. Steffensen asked the superior court, and now asks this court, to assume that there could have been no valid reason for his attorney not to file the suppression motion. But Steffensen cannot obtain post-conviction relief by asking the court to speculate one way or the other about the motives or reasoning that prompted Steffensen's attorney to refrain from filing a suppression motion.

Under Criminal Rule 35.1, to survive summary dismissal, it was Steffensen's burden to present the superior court with specific allegations to establish the factual background of his attorney's decision and the attorney's purported reasons for that decision. It was also Steffensen's burden to convince the superior court that, under the facts of the case, there was a reasonable possibility that the attorney's reasons for not filing the motion were completely invalid—that no competent attorney skilled in criminal law would have failed to file the contemplated suppression motion. Steffen-

sen's pleadings, even read in the light most favorable to Steffensen, fail to meet these burdens.

For these reasons, we uphold the superior court's dismissal of Steffensen's application for post-conviction relief. However, given the considerable confusion that seems to exist concerning the pleading requirements imposed by *Jones,* and given the clarifications contained in this opinion, we believe that Steffensen should not be barred by the provisions of Criminal Rule 35.1(h) if he wishes to renew his application for post-conviction relief by submitting additional affidavits on the issues of fact discussed here.

The judgement of the superior court is AFFIRMED.