STATE of Alaska, Appellant,

v.

Frank STEFFENSEN, Appellee.

No. A–5041.

Court of Appeals of Alaska.

Sept. 15, 1995.

Review Denied Nov. 20, 1995.

Cynthia L. Herren, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellant.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

### OPINION

MANNHEIMER, Judge.

The State of Alaska appeals the superior court's decision to grant post-conviction relief to Frank Steffensen. As explained in more detail below, we remand this case to the superior court for further proceedings.

In 1988, Steffensen was charged with third-degree misconduct involving a controlled substance (possession of cocaine), AS 11.71.030(a). The cocaine was discovered on Steffensen's person after he was arrested on an outstanding bench warrant. Steffensen ultimately pleaded no contest to the cocaine charge. In his subsequent petition for post-conviction relief, Steffensen claimed that he had received ineffective assistance of counsel because his attorney did not seek suppression of the cocaine by attacking the legality of Steffensen's arrest. Superior Court Judge Mary E. Greene agreed with Steffensen that a competent attorney would at least have researched such a motion. Judge Greene further concluded that there was at least a reasonable possibility that the suppression motion would have been granted if it had been filed. Based on these findings, Judge Greene ordered that Steffensen be allowed to withdraw his plea.

We agree with Judge Greene that the theory of suppression argued by Steffensen in his petition for post-conviction relief was reasonably apparent from existing search-and-seizure case law. However, a defense attorney's failure to pursue a potentially dispositive motion is not always a sign of incompetence. Depending on the circumstances of the case, an attorney may have sound reasons not to pursue such a motion.

For example, during his testimony at the hearing in this case, Steffensen's attorney suggested that he might have knowingly refrained from filing the suppression motion because he intended to negotiate a "package deal" that would resolve several criminal charges pending against Steffensen, and because he felt that the State would probably insist on the same negotiated sentence regardless of whether he was successful in knocking out any one charge. The defense attorney's testimony only suggests, and does not establish, this possible explanation of his inactivity. Nevertheless, if Steffensen's attorney had a valid tactical reason for failing to pursue the suppression motion, then his failure to pursue the motion would not constitute ineffective assistance of counsel. *Tucker v. State*, 892 P.2d 832, 834 (Alaska App.1995); *Steffensen v. State*, 837 P.2d 1123, 1126–27 (Alaska App.1992).

Even assuming that the defense attorney had no valid reason for failing to pursue the suppression motion, the question remains whether Steffensen was prejudiced by his attorney's inaction. On appeal, the State argues that Steffensen's arrest was legal under the facts of this case and that the proposed suppression motion would have been denied. Steffensen, for his part, argues that his arrest was illegal and that the superior court would have suppressed the evidence against him if the proposed motion had been filed. Both parties' arguments are premature; the superior court has never ruled on Steffensen's proposed suppression motion. In her decision, Judge Greene did not reach the merits of Steffensen's suppression motion; she merely found that there was at least a reasonable possibility that the motion would have been granted if it had been filed and heard.

It is evident that the number of colorable suppression motions (those that have some possibility of success) is greater than the number of winning ones. Many colorable motions are ultimately denied because, under

the law and the facts of the case, they turn out to be meritless. If criminal convictions were overturned based merely on a showing that the defense attorney inexcusably failed to file a colorable (but ultimately meritless) motion, many convictions would be over- turned for no good reason. That is, a defendant is not prejudiced by a defense attorney's failure to file a suppression motion if, after the motion is fully heard, the court finds that the motion should be denied.

Judge Greene's findings—(1) that Steffensen's attorney failed to investigate a suppression motion, (2) that this motion had at least a colorable chance of success, and (3) that this motion would have been dispositive if granted—are not a sufficient basis to allow Steffensen to withdraw his plea. Under *Risher v. State*, 523 P.2d 421, 425 (Alaska 1974), even after a defendant demonstrates that his or her attorney failed to act competently, the defendant must additionally demonstrate that there is at least a reasonable possibility that the attorney's lack of competency contributed to the defendant's conviction.

Applying this standard to the facts of Steffensen's case, we conclude that *Risher* requires proof that the proposed suppression motion would have been granted and, additionally, that there is at least a reasonable possibility that the outcome of the trial court proceedings would have been different had the evidence been suppressed. In *Tucker*, 892 P.2d at 834, this court reviewed a similar post-conviction relief claim and declared that the defendant had failed to establish grounds for relief because he had "failed to establish that the warrantless seizure of his clothing was unlawful" and because the defendant had "similarly failed to create a reasonable doubt as to whether suppression of the clothing would have altered the jury's decision". In an analogous case, the United States Supreme Court stated:

> Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must … prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence[.]

*Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986).

In the quoted passage, the Supreme Court refers to a "reasonable probability" that the verdict would have been different. This phrasing comes from *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). In Alaska, under the *Risher* test, the question is whether there is a "reasonable possibility" that suppression of the challenged evidence would have led to a different result, because *Risher* holds that it is the defendant's burden to create a reasonable doubt concerning whether he or she was prejudiced by the trial attorney's incompetence.

State courts are split concerning whether to require proof that a defense attorney's incompetence had a "reasonable probability" of affecting the verdict (the *Strickland* test) or a "reasonable possibility" of affecting the verdict (the *Risher* test). However, regardless of which standard of proof courts apply, the courts unanimously agree that when a defendant asserts ineffective assistance of counsel based on his or her attorney's failure to challenge the government's evidence, the defendant must show that the proposed challenge would have been successful *and then* the defendant must show that the objectionable evidence might have affected the verdict. *See State v. Berryman*, 178 Ariz. 617, 622 & n. 3, 875 P.2d 850, 855 & n. 3 (App.1994), *review denied* (Ariz.1994) (To show ineffective assistance of counsel, the defendant must show that the proposed suppression motion would have succeeded and that, with the challenged evidence suppressed, there is a reasonable possibility that the result at trial would have been different.); *State v. Kasten*, 170 Ariz. 224, 228–29, 823 P.2d 91, 95–96 (App.1991), *review denied* (Ariz.1991) (the defendant must show that the suppression motion would have been granted); *Huck v. State*, 124 Idaho 155, 158–59, 857 P.2d 634, 637–38 (App.1993); *State v. Richardson*, 114 N.M. 725, 727–28, 845 P.2d 819, 821–22 (App. 1992), *cert. denied*, 114 N.M. 550, 844 P.2d 130 (1992); *State v. Thompson*, 69 Wash.App. 436, 848 P.2d 1317, 1321 (1993). *See also People v. Mattson*, 50 Cal.3d 826, 268 Cal. Rptr. 802, 836, 789 P.2d 983, 1017 (1990), *cert. denied*, 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 595 (1990) ("A claim of ineffec-

assistance of counsel based on a trial attorney's failure to make a motion or objection must demonstrate not only the absence of a tactical reason for the omission ... but also that the motion or objection would have been meritorious[.]").[1]

 Thus, two issues remain to be resolved in Steffensen's post-conviction relief litigation: (1) whether Steffensen's attorney had a valid tactical reason to refrain from pursuing the proposed suppression motion; and (2) whether the proposed suppression motion is, in fact, meritorious. (Under the facts of this case, suppression of the cocaine obviously would affect the outcome of the criminal proceeding against Steffensen.)

These two unresolved issues turn on questions of fact that have not been fully litigated. We therefore remand this case to the superior court.[2]

This case is REMANDED to the superior court for further proceedings in light of this opinion. We do not retain jurisdiction of this case.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, MOORE and EASTAUGH, JJ.

#### ORDER

On consideration of the petition for review filed on September 11, 1995, and the response filed on October 10, 1995,

IT IS ORDERED:

The petition for review is DENIED.

Entered by direction of the Supreme Court at Anchorage, Alaska on November 20, 1995.

RABINOWITZ, Justice, dissenting.

I would grant the petition for review in regard to whether the burden of proving that the State had no valid reason for its delay in notifying Steffensen that he was subject to a *Glass* intercept should be placed upon Steffensen.[1]

---

1. The requirement that the merits of the proposed suppression motion be demonstrated conclusively (rather than to some lesser degree of certainty) appears grounded on the recognition that, once the facts are determined, a suppression motion presents a question of law that is susceptible of a conclusive answer. On the other hand, any ensuing assessment of how the factfinder would have viewed the case if the challenged evidence had not been presented necessarily involves a weighing of probabilities.

2. See *State v. Richardson*, 114 N.M. 725, 729, 845 P.2d 819, 823 (1992), *cert. denied*, 114 N.M. 550, 844 P.2d 130 (1992), holding that when a defendant's trial attorney appears to have acted incompetently but the record does not resolve whether the attorney had a justifiable tactical

reason for the action/inaction, an appellate court's proper course is to remand the case to the trial court for a hearing on this issue. Compare the approach taken in *In re Neely*, 6 Cal.4th 901, 26 Cal.Rptr.2d 203, 205, 864 P.2d 474, 476 (1993), where the California Supreme Court, after determining that there were colorable grounds for the defendant's proposed suppression motion, appointed a superior court judge to be a "referee" (that is, a special master) and directed the referee to hold a hearing into (1) the factual merit of the defendant's proposed suppression motion and (2) the reasons why the defendant's trial attorney refrained from filing the motion. After making these findings, the referee sent the case back to the supreme court.

1. *State v. Glass*, 583 P.2d 872 (Alaska 1978).