552 P.2d 461

**STATE of Arizona, Appellee,**

v.

**Michael Edward RATZLAFF, Appellant.**

**No. I CA–CR 1543.**

Court of Appeals of Arizona,
Division 1,
Department C.

July 8, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Criminal Division, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for Appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for Appellant.

## OPINION

HAIRE, Chief Judge, Division 1.

The appellant was tried by a jury and convicted of the crime of first degree burglary. He was placed on three years probation.

On appeal, he argues that:

1. The court erred in receiving into evidence depositions of certain absent, material witnesses;

2. There was insufficient evidence to sustain the verdict; and

3. The court erred in denying the appellant the right to re-cross-examine a witness.

We need not reach the last issues alleged as error on appeal, since we hold that the trial court erroneously admitted the depositions of the absent witnesses and consequently denied the appellant his right to confrontation. *Barber v. Page,* 390 U. .S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

Appellant was charged by information with first degree burglary. The evidence presented at trial demonstrated that Mark Rademan and Mickey Nickell had taken two tennis rackets from a sporting goods store on the evening of March 21, 1975. Mark and Mickey, through deposition testimony, stated that they had entered the Sunset Sports Center in order to steal a tennis racket for the appellant. Mickey testified that appellant wanted two people to go into the store and get the tennis racket, and that the appellant stated that he would wait outside and prevent anyone from following them.

The County Attorney moved for depositions of the two witnesses on July 24, 1975, on the ground that they would be unavailable for trial. Rule 15.3(a)(1), Arizona Rules of Criminal Procedure. The motion was granted and the depositions were taken on August 5, 1975. Appellant was apparently unaware of the depositions and appellant's attorney stated that appellant had no notice of the proceeding and did not waive his presence. However, we do not base our reversal upon appellant's absence from the deposition proceedings. At the time of the taking of the depositions, appellant had been released on his own recognizance, the deposition had been duly noticed, and the only showing in the record constituting a reason for appellant's nonappearance was his counsel's statement that he had been unable to contact him. While it might be arguable that these circumstances do not show a waiver of his presence by the appellant, our reversal is based upon the failure of the state to show that it had made a "good faith effort" to obtain the attendance of the absent witnesses for the trial.

At the time of trial, the prosecutor stated to the court that the two witnesses, Mark and Mickey were in the Marine Corps, and had not appeared for trial. The prosecutor made a personal avowal to the court, which is supported by the record, that he had. served the witnesses with a subpoena and apparently handed to the court a copy of the military orders which the witnesses had received.[1] The evidence is uncontradicted that the witnesses were to report for duty on August 7, 1975, and it is apparent from the record that the prosecutor knew that they had no intention of honoring the subpoena served upon them. Appellant's trial was held on August 11, 1975. The trial court accepted the prosecutor's showing of absence and permitted the reading of the witnesses' depositions to the jury over objection by appellant's counsel.

Before prior recorded testimony of an "unavailable" witness may be introduced into evidence, the state must show that it made a "good faith effort" to obtain the attendance of the absent witness. *State v. Alexander,* 108 Ariz. 556, 561, 503 P.2d 777 (1972). The trial court must exercise its discretion in determining whether such a showing has been made, *State v. Alexander, supra,* at 562, 503 P.2d 777, and:

".  .  . it is implicit in the constitutional rights of due process and face to face confrontation that the moving party should make an actual showing through competent evidence, sufficient to convince the court that the witness *in fact* cannot be produced." (Emphasis in original). *State v. Alexander, supra,* at 562, 503 P.2d at 783.

Under *Barber v. Page, supra,* before prior recorded testimony can be admitted, the state must show that it has made a good faith effort to secure the attendance of the absent witness. The appellant argues that the witnesses were, in effect,

in the same situation as the prisoner in *Barber.* He argues that the location of the absent witnesses was known to the prosecutor and that an attempt should have been made to procure their attendance prior to the admission of any depositions taken of them.

As noted above, Rule 15.3(a)(1) allows a trial judge to permit the taking of a deposition of a material witness when there is a substantial likelihood that he will not be available for trial. When it is shown that the declarant is unavailable as a witness, the Rules of Criminal Procedure allow the admission into evidence of the prior recorded testimony. Rule 19.3(c)(1). However, mere absence from the jurisdiction is not sufficient to dispense with the right of confrontation, especially when the address of a witness is known. *State v. Briley,* 109 Ariz. 74, 505 P.2d 245 (1973). This is undoubtedly due in large part to the state's ability to utilize the Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings, A.R.S. § 13–1861 *et seq. See Barber v. Page, supra; State v. Alexander, supra.*

Since it appears that a person in the military is not, by that fact alone, immune from civil process, 6 C.J.S. *Armed Services,* § 140 (1975); 54 Am.Jur.2d *Military, and Civil Defense,* § 297 (1971), it seems reasonable to require the state to use the Uniform Act to *at least attempt* to enforce the attendance of an absent witness, even though he is in the military service. Given the prosecutor's knowledge that the witnesses intended to ignore his prior subpoena, we think that the prosecutor mistakenly assumed that the witnesses' entrance into the military excused him from further effort to obtain their presence at trial. As stated in *Barber v. Page, supra:*

"[S]o far as this record reveals, the sole reason why Woods was not present to

---

1. Copies of the alleged military orders are not contained in the record on appeal.

testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly." 390 U.S. at 725, 88 S.Ct. at 1322.

The error here involved is not merely "technical". From our review of the evidence it is apparent that the deposition testimony constituted an important, if not essential, part of the state's case. Under these circumstances, the erroneous introduction of the depositions cannot be classified as harmless error beyond a reasonable doubt.

The judgment and sentence are reversed.

EUBANK, P. J., Department C, and FROEB, J., concur.