573 P.2d 924

**STATE of Arizona, Appellee,**

v.

**Eugene Henry HEISE, Appellant.**

**No. 1 CA–CR 2299.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 8, 1977.

Rehearing Denied Jan. 3, 1978.

Review Denied Jan. 24, 1978.

Bruce E. Babbitt, Atty. Gen. by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Howard M. Klein, P. C., Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

Appellant appeals his conviction of the crime of voluntary manslaughter, raising these issues:

(1) Did the trial court abuse its discretion in granting the state's motion for a continuance, thus violating Rule 8, Arizona Rules of Criminal Procedure dealing with speedy trial?

(2) Was there insufficient evidence to convict appellant of voluntary manslaughter?

(3) Did the trial court improperly impose sanctions on appellant for the alleged failure to comply with discovery?

The defendant-appellant, Eugene Henry Heise, was originally charged with the murder of Bert Reed. Following a preliminary hearing, arraignment, plea of not guilty and a jury trial, the defendant was convicted of voluntary manslaughter and was sentenced to not less than nine nor more than ten years in the Arizona State Prison.

Because of our disposition in this matter, a detailed factual recitation of the acts leading up to the death of Mr. Reed is not necessary.

The defendant was originally arraigned on February 25, 1976. Under Rule 8.2(c), Rules of Criminal Procedure,[1] the defendant was required to be brought to trial within 120 days or May 26, 1976. However, on May 12, 1976, counsel for the state and the defendant, by written stipulation, extended the time for trial for 30 days. By minute entry order the trial was originally set for June 13, 1976, but on the court's own motion extended to June 23, 1976. On that date, the state moved for a continuance on the grounds that Dr. Karnitschinz, the Maricopa County medical examiner and apparently the only witness qualified to testify as to the cause of death of the victim, was on

---

1. Citations to Rules in the balance of this opinion shall refer to 17 A.R.S., Rules of Criminal Procedure.

vacation and unavailable until July 6, 1976. The defendant objected to the motion to continue. The trial court granted the state's motion, reset trial for July 21, 1976, and ordered that the period from June 23, 1976 to July 21, 1976 be an excluded time period for the purposes of the speedy trial requirements of Rule 8, Rules of Criminal Procedure. On July 1, 1976, the defendant moved to dismiss the prosecution for violation of Rule 8. This motion was denied and the defendant brought a special action petition in this court questioning the denial of his motion to dismiss. This court denied the petition for special action on the grounds that the denial of defendant's motion to dismiss could properly be raised on appeal.

The facts surrounding the unavailability of Dr. Karnitschinz are that on May 6, 1976, he wrote a letter to the Maricopa County Attorney's office advising the prosecutor that he would be on vacation from June 18, 1976 until July 3, 1976. The prosecution did not bring this matter to the attention of the trial court, when the court apparently on its own motion moved the trial date from June 10, 1976 (when the doctor would be available) to June 23, 1976 (when he would be on vacation.) Rather, the prosecutor waited until the day of trial to urge the motion for continuance. Waiting until this time to urge the motion where the prosecutor had prior knowledge of the grounds for the motion, rendered the motion untimely under Rule 16, Rules of Criminal Procedure.

Rule 8.5(b), Rules of Criminal Procedure provides:

"A continuance shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensible to the interests of justice. A continuance may be granted only for so long as is necessary to the interests of justice, and in no case longer than 30 days."

Continuances granted under this rule become excluded periods under Rule 8.4(d) for the purposes of determining whether the sanctions imposed by Rule 8.6 for denial of speedy trial should be levied. Rule 8.6 now provides:

"If the court determines after considering the exclusions of Rule 8.4 that a time limit . . . has been violated, it shall on motion of the defendant, or on its own initiative, dismiss the prosecution with or without prejudice."

These interrelated rules seem to have one major problem, if the stated purpose of the rule, that is, bringing the defendant quickly to trial, is to be observed. If the trial court improperly grants a continuance under Rule 8.5(b), the result may be that the defendant, in the final analysis, will not receive a speedy trial, but in fact if he prevails in urging his speedy trial rights, the exact opposite may occur. This can occur in the following manner. Assume that the trial court improperly grants a continuance under Rule 8.5(b), the result being that the period of the continuance cannot be an excluded period under Rule 8.4(d) and the defendant is thus brought to trial in violation of time limitations imposed by Rule 8.2. However, trial proceeds and the defendant is convicted and appeals, urging Rule 8 violations. If the appellate court agrees and finds the continuance was improperly granted, the only remedy is to remand for dismissal either with or without prejudice by the trial court under Rule 8.6. If the trial court dismisses without prejudice and the county attorney refiles, under the authority of State v. Avriett, 25 Ariz.App. 63, 540 P.2d 1282 (1975) the time limitations of Rule 8 begin anew upon the refiling. The result insofar as the defendant's rights to be speedily brought to trial is obvious.

This problem is compounded when we consider the scope of appellate review of the two trial court decisional points in this scheme—the granting of the continuance initially and the determination of whether the prosecution should be dismissed with or without prejudice. As to the initial granting of the continuance, Rule 8.5(b) appears to have narrowed the broad discretionary powers vested in trial courts to grant continuances under old criminal Rule 241, allowing these continuances only where (1) "extraordinary circumstances exist," and

(2) where the "delay is indispensable to the interests of justice." On the other hand, it appears the trial court is still vested with broad discretionary powers in determining whether the prosecution itself should be dismissed with or without prejudice. *See, State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974). Thus, on the face of it, the trial court has less discretion in determining the rather minor aspect of a continuance than it does in determining whether the defendant should be tried again at all.

With this background in mind, we turn to the particular continuance granted here. We don't believe it can be seriously argued that a delay in order to obtain Dr. Karnitschinz' testimony was not indispensable to the interest of justice. Dr. Karnitschinz was the only witness capable of testifying as to cause of death (ruptured spleen—the defendant allegedly having kicked the victim.) Obviously, without this testimony the causal relationship between defendant's acts and death could not be established.

However, a more serious problem arises in determining whether the "extraordinary circumstances" exist under the facts in this case. While Dr. Karnitschinz' vacation was the operative fact as to his unavailability, we do not believe his vacation per se was the underlying basis for the need to obtain a continuance. This is for the reason that Dr. Karnitschinz timely and dutifully notified the prosecutor of his vacation schedule and at that time the expected trial date did not interfere. Rather, the necessity for obtaining a continuance only arose when the trial date was rescheduled on the court's own motion which created the conflict, and no objection was voiced or the court notified by the prosecution of the conflict created. It was this failure on the part of the prosecutor's office which must be analyzed to determine whether "extraordinary circumstances" exist.[2]

At this point, it is necessary to clarify the appellate review of a trial court's granting or denial of a continuance under Rule 8.5(b). As we have previously indicated, the trial court's former broad discretionary powers previously exercised under old criminal Rule 241 has been narrowed by requiring a determination of "extraordinary circumstances" and that the "delay is indispensable to the interests of justice." However, in our opinion, some discretion must be vested in the trial court to determine what are extraordinary circumstances under the particular facts of each case. *State v. Torres,* 27 Ariz.App. 556, 556 P.2d 1159 (1976). The exercise of that discretion becomes particularly hard under circumstances such as existed in this case, that is, where the denial of the continuance would in all probability result in the dismissal of the prosecution because it would be unable to proceed but where the granting of the continuance results in Rule 8 time limitations being violated. In the vast majority of cases, we would not fault the trial court for coming down on the side of granting a continuance. However, when the sole reason the trial court is placed in this dilemma is the failure of the prosecutor to keep track of its trial schedule and availability of witnesses, we must reluctantly conclude that the trial court abused its discretion in finding the existence of extraordinary circumstances.

Having determined that the continuance was improperly granted, the period of the continuance cannot be excluded under Rule 8.4(e) and therefore a violation of Rule 8 occurred which brings into play the sanctions of Rule 8.6. The judgment of the trial court is reversed and the matter remanded with directions to dismiss the prosecution, either with or without prejudice. *State ex rel. Berger v. Superior Court, supra.*

Since we reverse on the first issue presented, we do not reach the other issues raised.

Judgment reversed and remanded for proceedings in accordance with this opinion.

WREN, P. J., and EUBANK, J., concur.

2. For cases dealing with continuances based on conflicting vacation schedules, see, *State v. Strickland,* 27 Ariz.App. 695, 558 P.2d 723 (1976), and *State v. Corrales,* 26 Ariz.App. 344, 548 P.2d 437 (1976).