McCORD, Chief Judge.
Appellant seeks review of his conviction for unlawfully operating a motor vehicle while intoxicated and thereby causing the death of Gerald J. May, contrary to Section *222 860.01(2), Florida Statutes (1975). Appellant urges that the trial court erred by admitting into evidence the deposition testimony of Dr. Klein, the County Medical Examiner who had performed the autopsy upon the decedent, Mr. May, since the State failed to utilize the “Uniform Law to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings” (Uniform Law), Chapter 942, Florida Statutes (1975), in order to procure the attendance of Dr. Klein at trial. We find no prejudicial error and thus affirm.
Prior to trial, the State moved for an order to perpetuate the testimony of Dr. Klein on the basis that Dr. Klein would shortly be leaving the State of Florida for Louisiana. Fla.R.Crim.P. 3.190(j). The court granted the motion, and after notice to appellant and his attorney and in their presence, with adequate opportunity for cross-examination, the deposition of Dr. Klein was taken. At trial, over appellant’s objection, the court allowed the deposition testimony of Dr. Klein to be read in evidence. Dr. Klein’s testimony, through deposition, established that Gerald J. May was dead and that the cause of his death was severe trauma associated with a vehicular accident.
Fla.R.Crim.P. 3.190(j)(6) provides that “[n]o deposition shall be used or read in the evidence when the attendance of the witness can be procured. . . .” Although, technically, it was error to allow the introduction of the deposition testimony at trial when the State had not attempted to procure the attendance of Dr. Klein through the Uniform Law, we find that such was harmless error in view of the limited nature of such testimony.
From our research, we found and have considered State v. Ratzlaff, 27 Ariz.App. 174, 552 P.2d 461 (1st C.A. 1976), where the Arizona court held that the failure of the State to at least attempt to enforce the attendance of an absent witness through the Uniform Act [Law] precluded the introduction of such witness’ deposition at trial and, further, that the erroneous introduction of such deposition testimony constituted reversible error. There, the deposition testimony was that of two accomplices of the defendant and was of such a nature that the defendant should have been allowed wide latitude in cross-examination before the jury. In the case, sub judice, the testimony of Dr. Klein only established the proof and causation of death of the decedent following his injury in the automobile accident. There was no conflicting evidence or inference as to the death or cause thereof. Further, there has been no showing by appellant that he was not afforded at the deposition all cross-examination necessary. in relation to Dr. Klein’s testimony, or that he was prejudiced by introduction of the deposition in lieu of the doctor’s live testimony.
Appellant also contends that the trial court imposed an excessive and illegal sentence. The sentence was within the maximum provided by the Legislature. Sections 860.01(2), 782.07, and 775.082(3)(c), Florida Statutes (1975). Accordingly, the judgment and sentence are AFFIRMED.
MILLS and ERVIN, JJ„ concur.