778 P.2d 1232

**Judith A. WATTS, Petitioner,**

v.

**The Honorable Lawrence H. FLEISCH-MAN, Judge of the Pima County Superior Court, Respondent.**

**STATE of Arizona, Real Party in Interest.**

**No. CV–89–0049–PR.**

Supreme Court of Arizona,

En Banc.

Aug. 22, 1989.

Reconsideration Denied Sept. 26, 1989.

Harley Kurlander, Tucson, for petitioner.

Frederick S. Dean, Tucson City Atty. by R. William Call, Asst. City Atty., Tucson, for real party in interest.

OPINION

CORCORAN, Justice.

We granted this petition for review to decide whether a nearly 7–month period during which a Tucson City Court judge held defendant's pretrial motions under advisement is excludable time under rule 8.4, Arizona Rules of Criminal Procedure. We hold that it is not.

*Facts*

Petitioner Judith A. Watts (defendant) was arrested on May 18, 1987, for driving under the influence of alcohol, in violation of A.R.S. § 28–692(A), and was arraigned on May 28, 1987. Trial in Tucson City Court was set for August 19, 1987. Defense counsel moved to suppress the intoxilyzer test result, and later filed motions to continue the suppression hearing and to continue the trial date, resulting in the trial date being reset for October 2, 1987.

On September 10, 1987, defendant retained a different attorney, who filed numerous motions, including motions to dismiss, motions to suppress evidence, and a motion to continue the trial date. The court set a hearing on these motions for October 28, 1987, and vacated the October 2 trial date.

Judge Kelly C. Knop heard oral argument and received evidence on the motions on October 28, 1987, and then took the motions under advisement. Approximately 6-½ months later, on May 16, 1988, defendant moved to dismiss, alleging violation of her right to a speedy trial under rule 8. The next day, Judge Knop entered his order denying all motions argued in October, and set the trial for June 22, 1988.

On June 16, 1988, after hearing argument on the motion to dismiss, Judge Knop granted defendant's rule 8 motion, dismissing the case with prejudice pursuant to *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). The state timely appealed to the superior court.

On September 26, 1988, the superior court reversed the city court order of dismissal. Citing *State v. Johnson*, 113 Ariz. 506, 557 P.2d 1063 (1976), the court held that the time during which the motions were under advisement was excludable under rule 8. It also found that defense counsel's *ex parte* communications with Judge Knop regarding the approaching rule 8 deadline did not constitute compliance with rule 8.1(d), because that rule requires written notice. On defendant's motion for rehearing, the court affirmed its earlier ruling that the nearly 7–month delay was excludable, but held defense counsel's *ex parte* communications *were sufficient* to satisfy rule 8.1(d).

### Jurisdiction

Defendant filed a special action petition with the court of appeals. The state filed a cross-petition challenging the superior court's ruling on the *ex parte* communications. The court of appeals declined to accept jurisdiction of both petitions. Only defendant petitioned for review in this court, alleging that the superior court erred by finding that the time when defendant's motions were under advisement was excludable under rule 8. We granted review, and have jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

### Discussion

■ In *Hinson*, we held that because of the "unique nature" of a DUI offense, rule 8 time limits must be followed strictly, and that failure to do so would result in dismissal of the charge with prejudice. 150 Ariz. at 311, 723 P.2d at 660. In computing the 150–day limit imposed by rule 8.2(a), certain time periods are excludable under rule 8.4. The superior court ruled that the time during which Judge Knop had defendant's motions under advisement was excludable as a delay "occasioned by or on behalf of the defendant." Rule 8.4(a). We disagree.

Judge Knop explained his delay in ruling on defendant's motions as follows:

I think this is more of a problem in the court procedure in how under advisements are returned to people so as to be acted upon. I think it's a further indictment of the system here where I think certain clerical people grudgingly acquiesce to authority without understanding what is the judge's and the court's function. And certain times, as in this case where the file was removed from my desk without any notation or note or knowledge of my own, created the situation where Miss Watts' case essentially languished for a great period of time.

We do not believe that the delay in this case was one "occasioned by or on behalf of the defendant" within the meaning of rule 8.4(a). The case relied upon by the superior court, *State v. Johnson,* is inapposite. In *Johnson,* we held that the nearly 90 days during which the trial judge had a defendant's motion to dismiss under advisement were excludable under rule 8.4(a). 113 Ariz. at 510, 557 P.2d at 1067. The judge's delay in ruling on the motion occurred because he was waiting for another judge to rule on whether a prior judgment of dismissal entered in the case was with or without prejudice. Thus, the delay was necessary for the eventual determination of defendant's motion.

In this case, however, the nearly 7–month delay was not necessary for the city court to decide defendant's motions, but resulted from inadequate case management procedures. Defendant should not be penalized because the court allowed her case

to fall into a crack that was known to exist in the system.

 Even assuming that the delay could be characterized as "court calendar congestion," rule 8.4 would not permit exclusion. In *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 338, 529 P.2d 686, 689 (1974), we held that delays caused by court calendar congestion are excludable only if the procedure outlined by rule 8.4(c) is followed. *Accord Stone v. Wren,* 22 Ariz. App. 165, 525 P.2d 296 (1974). Rule 8.4(c) provides that delays due to court calendar congestion are excludable

> only when the congestion is attributable to extraordinary circumstances, in which case the presiding judge shall promptly apply to the Chief Justice of the Arizona Supreme Court for suspension of any of the Rules of Criminal Procedure.

This procedure was not followed, and so the delay is not excludable under rule 8.4(c).

Rule 8.4(d) provides for exclusion of "[d]elays resulting from continuances in accordance with Rule 8.5...." To obtain a continuance under rule 8.5, a party must file a motion with the court "showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Rule 8.5(b). In *Berger,* we noted:

> The prosecutor had a duty to ask for and obtain the necessary continuances in this case when the circumstances became apparent that it was necessary to do so....

111 Ariz. at 339, 529 P.2d at 690. Under *Berger,* the prosecutor in this case should have sought a continuance to avoid exceeding the rule 8 time limits. The prosecutor sought no continuance here, and the time cannot be excluded.

### Conclusion

We hold that the nearly 7–month period during which the city court had defendant's motions under advisement was not excludable under rule 8.4. Because defendant was not brought to trial within the rule 8 time limits, the city court judge correctly dismissed the case with prejudice under *Hinson.* We reverse the judgment of the superior court and remand the matter to the trial court with instructions to dismiss the matter with prejudice.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.