971 P.2d 189

**STATE of Arizona, Appellee,**

v.

**Gary Jay VASKO, Appellant.**

**No. 1 CA–CR 96–0429.**

Court of Appeals of Arizona,
Division 1, Department E.

March 10, 1998.

Review Denied Jan. 12, 1999.

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and John Pressley Todd, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for Appellant.

VOSS, Judge.

¶1 Appellant Gary Jay Vasko (defendant) appeals from his convictions and sentences on seven drug-related charges. The only issue on appeal is whether, when defendant has neither alleged nor shown that he suffered prejudice, we must nonetheless reverse a conviction after the trial because the trial court violated defendant's right to a speedy trial, pursuant to Rule 8, Arizona Rules of Criminal Procedure.

¶2 This appeal requires us to examine two well-established principles of law that appear to conflict when applied to the specific facts of this case, and to reconcile them to reach a just disposition. First, we acknowledge that Rule 8.6 requires dismissal of pending criminal charges when the speedy trial limits of Rule 8 have been violated. Second, we recognize that criminal convictions should not be reversed in the absence of prejudicial error. Ariz. Const. art. 6, § 27; A.R.S. § 13–3987.

¶3 We conclude that, in the absence of a showing of prejudice, a speedy trial violation raised as error on appeal after conviction does not warrant reversal of that conviction. Because we find only technical error occurred in this case, resulting in no prejudice to defendant, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On January 10, 1995, defendant was indicted on two counts of transportation of dangerous drugs for sale, class 2 felonies; one count of transportation of marijuana for sale, a class 3 felony; two counts of possession of narcotic drugs, class 4 felonies; and two counts of possession of drug paraphernalia, class 6 felonies. Defendant was arrested on July 13, 1995, given his initial appearance the same day, and arraigned in superior court on July 20, 1995.

¶5 Defendant moved twice for continuances without objection from the state; after granting those motions, the trial court excluded the time from October 25, 1995 to February 20, 1996 from the speedy trial calculations. The parties agreed the new "last day" for trial was March 7, 1996.[1] The trial court scheduled trial for February 20, 1996.

¶6 On February 20, 1996, the trial court transferred the case to the Case Transfer Coordinator for reassignment to another judge for trial. Eight days later, on March 1, 1996, before a trial date had been established, during pretrial proceedings, the state requested that the court not set the trial date between March 1 and March 18, 1996, because the arresting officer, Officer Hamilton, was unavailable to testify during that time because he was scheduled for Army Reserve training. The state indicated that it had been ready to proceed to trial at any time between February 20th and March 1st, but if the case continued to "ride the calendar" beyond that point, the state would have a scheduling problem with its primary witness. Over defendant's speedy trial objection, the trial court determined that extraordinary circumstances existed to justify a continuance, set the trial date for March 18, 1996, excluded time from February 20 to March 18th, and determined that defendant's new "last day" was April 3, 1996.

¶7 Defendant proceeded to trial on March 27th, and was convicted on April 2, 1996. This appeal timely followed.

## DISCUSSION

¶8 We review the trial court's granting of a continuance for an abuse of discretion; we will not reverse such a ruling on appeal in the absence of a clear abuse and resulting prejudice. *State v. Cook*, 172 Ariz. 122, 125, 834 P.2d 1267, 1270 (App.1990), citing *State v. Amarillas*, 141 Ariz. 620, 688 P.2d 628 (1984). The issue we must first determine is whether the trial court properly excluded time periods for continuances under Rule 8.4(c) and (d).

1. *Speedy Trial Violation*

¶9 Defendant contends the trial court's continuance violated his speedy trial rights in two ways. First, he contends that the unavailability of Officer Hamilton was not a sufficient ground to continue the matter pursuant to Rule 8.5(b), or alternatively, even if sufficient, permitted the exclusion of only eighteen days and required trial to be held before March 25, 1996. Second, defendant contends that the exclusion of any additional time was unwarranted on grounds of trial court calendar congestion, because the court failed to comply with the requirements of Rule 8.4(c). We address each argument in turn.

a. *Officer Hamilton's Unavailability*

¶10 The trial court found that Officer Hamilton's unavailability to testify at trial because of his scheduled three week Army Reserve training constituted an extraordinary circumstance as contemplated by Rule 8.5(b), which provides as follows:

> A continuance shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice. A continuance may be granted only for so long as is necessary to the interests of justice, and in no case for longer than 30 days....

¶11 Our supreme court has acknowledged that the unavailability of a key witness may constitute an extraordinary circumstance under this rule, justifying a continuance. *See State v. Lukezic*, 143 Ariz. 60, 70, 691 P.2d 1088, 1098 (1984). However, in circumstances where such a scheduling conflict can be foreseen and avoided, a continuance may not be warranted. *See State v. Heise*, 117 Ariz. 524, 526, 573 P.2d 924, 926 (App.1977). In this case, the record clearly indicates that the state was ready to proceed on February 20, 1996, and that it was only the case transfer status of the matter that prevented the state from proceeding to trial on that date. The record neither reflects that the state was responsible for this situa-

---

1. Rule 8.2(c), Arizona Rules of Criminal Procedure, provides that defendant was entitled to be tried within 120 days of his initial appearance.

The parties agree that this is the applicable rule, and there is no dispute to the point that the "last day" became March 7, 1996.

tion nor that it could have foreseen or avoided it.[2] Ordering a continuance under these circumstances was therefore not an abuse of discretion. *See, e.g., State v. Kasten,* 170 Ariz. 224, 226–27, 823 P.2d 91, 93–94 (App.1991)(upholding trial court's granting of state's motion for continuance where victim was missing and prosecutor had no knowledge that victim was reluctant to testify).

■ ¶ 12   Defendant also contends, however, that the state did not make a sufficient showing of Officer's Hamilton's unavailability:

> There is not enough information contained in the state's motion to continue for the court to find "extraordinary circumstances" to justify continuing the case beyond the last day.   The motion merely states the witness will be attending a three week Army Reserve training course.... There is no showing that this course would not be rescheduled if the witness was required to remain and attend appellant's trial.

However, the trial court already had the information before it, from the state's motion to depose a witness, that Officer Hamilton was "ordered to report" for reserve training and would be "unavailable for trial."   The court held an oral argument on this motion, and granted the motion, thereby implicitly acknowledging the officer's "unavailability." Although a court reporter was present at that hearing, no transcript is in the record; we therefore presume that whatever transpired supported the trial court's ruling granting the motion to depose the witness. *See Rapp v. Olivo,* 149 Ariz. 325, 718 P.2d 489 (App.1986).   Pursuant to the rules regarding depositions, for the state to obtain this order, it would have had to establish that Officer Hamilton's testimony "is material to the case and **that there is a substantial likelihood that the person will not be available at time of trial.**"   Rule 15.3(a)(1), Arizona Rules of Criminal Procedure (em-

phasis added).   Without a transcript of this hearing in the record, we assume that the trial court had a sufficient showing of the officer's "unavailability" before it to justify its discretion in granting the order for deposition.   And, with that showing already established in the record at the time the trial court held the hearing the following day on the state's motion to continue, it would not be necessary for the state to establish that unavailability again for purposes of the motion to continue.   The court could clearly take notice of the arguments made the day before on the previous motion.

¶ 13   The transcript of the March 1st hearing on the motion to continue indicates that, after obtaining an order for Officer Hamilton's deposition the previous day, the prosecutor discovered that Officer Hamilton's deposition might not be admissible at trial because of confrontation clause problems addressed in *State v. Ratzlaff,* 27 Ariz.App. 174, 552 P.2d 461 (1976).   In *Ratzlaff* the court held that, before prior recorded testimony of an unavailable witness can be admitted without violating defendant's constitutional right to confront witnesses, the state must make "an actual showing through competent evidence, sufficient to convince the court that the witness **in fact** cannot be produced." *Id.* at 176, 552 P.2d at 463, quoting *State v. Alexander,* 108 Ariz. 556, 561, 503 P.2d 777, 782 (1972) (also a case involving admission of an absent witness's testimony at a prior hearing, involving confrontation rights).   Because *Ratzlaff* was not a continuance case, but rather, was one in which the defendant challenged on appeal the admission of depositions of material, absent witnesses, we do not apply the *Ratzlaff* standard to a Rule 8 continuance.

■ ¶ 14   Rule 8 does require more than just a mere allegation of a witness's unavailability to justify a continuance on that basis. *See State v. Strickland,* 27 Ariz.App. 695, 558

2.   Indeed, the record indicates that the state had already requested that the deposition of Officer Hamilton be taken.   After further research, however, the prosecutor pointed out in candor to the court that military service was not a basis to find Officer Hamilton "unavailable" under the rules of evidence for the purpose of admitting his

deposition testimony at trial because of confrontation clause problems.   *See State v. Ratzlaff,* 27 Ariz.App. 174, 552 P.2d 461 (1976).   This was the reason the state requested that the court set a trial date when Officer Hamilton would be available to testify.

P.2d 723 (1976). In *Strickland,* the state made "a bare allegation of a 'vacation conflict' " of two police officers to justify a continuance, which the trial court granted one day before trial. In finding technical, but not reversible, error, the court stated:

> While under other circumstances, a continuance may be justified because of a police officer's vacation schedule, the State must show better reasons than a bare allegation of a "vacation conflict" in order to justify a continuance.

*Id.* at 696–97, 558 P.2d at 724–25. Here, however, the state *did* do more than make a bare allegation; as mentioned above, it had established to the trial court's satisfaction the day before, in a hearing on its motion to depose a witness, that Officer Hamilton was "unavailable," at least for purposes of that motion. *Strickland* does not require more.

¶ 15 Thus, to the extent that the trial court continued the matter for eighteen days due to Officer Hamilton's unavailability, we find no abuse of discretion.

### b.  *Case Transfer Status as an Extraordinary Circumstance*

■ ¶ 16 As defendant points out, the trial court excluded an additional eight days of time from February 20th to March 1st, during which the case "rode" the case transfer calendar, before the state moved for a continuance. Rule 8.4(c) provides as follows:

> The following periods shall be excluded from the computation of the time limits set forth in Rules 8.2 and 8.3:
>
> . . .
>
> (c) Delays necessitated by congestion of the trial calendar, but only when the congestion is attributable to extraordinary circumstances, *in which case the presiding judge shall promptly apply to the Chief Justice of the Arizona Supreme Court for suspension of any of the Rules of Criminal Procedure.*

(Emphasis added.) As Defendant correctly argues, the trial court could not permissibly exclude these additional eight days as "necessitated by congestion of the trial calendar" without first applying to the supreme court for a suspension of the rules in accordance

with the requirements of Rule 8.4(c). *See, e.g., Watts v. Fleischman,* 161 Ariz. 336, 338, 778 P.2d 1232, 1234 (1989). No evidence of any such application to the supreme court appears in the record. The reason for the administrative requirement of Rule 8.4(c) is implicit; application to the Chief Justice for the suspension of the rules when court congestion occurs was designed to provide prompt review of the alleged extraordinary circumstances.

¶ 17 We conclude, therefore, that the trial court abused its discretion and violated the time limits of Rule 8 by excluding the eight days that the case was pending assignment. If this time had not been excluded, defendant's "last day" would have been March 25, 1996. His trial began on March 27, 1996, beyond the speedy trial limits of Rule 8. Thus, his speedy trial rights under Rule 8 were violated by two days.

### 2.  *Remedy for Speedy Trial Violation*

■ ¶ 18 Defendant contends that, having established a Rule 8 speedy trial violation, he is entitled to a reversal of his conviction and a remand for dismissal of the charges after a hearing to determine whether dismissal should be with or without prejudice. *See* Rule 8.6. The state responds that, in the absence of any showing of resulting prejudice to defendant, a technical violation of the speedy trial rules does not warrant reversal after conviction. We turn then to the question of the remedy for the Rule 8 technical violation that occurred in this case.

■ ¶ 19 Rule 8.6 clearly states that a violation of the time limits of rule requires dismissal:

> **Violations.** If the court determines after considering the exclusions of Rule 8.4, that a time limit . . . has been violated, it shall on motion of the defendant, or on its own initiative, dismiss the prosecution with or without prejudice.

Rule 8 is more restrictive than the constitutional right to speedy trial. *See State v. Spreitz,* 190 Ariz. 129, 136, 945 P.2d 1260, 1267 (1997). We address a rule violation, not a constitutional violation in this case.

¶ 20   Specifically, we consider whether the remedy of dismissal of the charges should be afforded on appeal after conviction in the absence of a showing of prejudicial error. Case law supports defendant's argument for such a remedy. *See, e.g., State v. Heise,* 117 Ariz. 524, 573 P.2d 924 (App.1977); *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974). Yet we find the need to reconcile such case law with the countervailing principle that a showing of prejudice is required to reverse a criminal conviction.

¶ 21   One reconciling factor in our view is defendant's failure to either allege or establish any prejudice from the commencement of his trial two days beyond the Rule 8 time limits. In no other area of our criminal jurisprudence would we reverse a criminal conviction on the basis of a harmless, technical error. *See generally* Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done"); *see also* A.R.S. § 13–3987 (error in proceedings shall not render proceedings invalid "unless it has actually prejudiced, or tended to prejudice, the defendant in respect to a substantial right").

■ ¶ 22   The law is well-established in this state that a conviction will not be reversed unless the record shows an error prejudicial to some substantial right of the defendant. *Birch v. State,* 19 Ariz. 366, 171 P. 135 (1918). The historic test for whether the error is prejudicial is whether defendant has shown a reasonable probability that the verdict would have been different if the error had not been committed. *State v. Brady,* 105 Ariz. 190, 461 P.2d 488 (1969). The specific test for prejudice when a speedy trial violation occurs is whether defendant has shown that his defense has been harmed by the delay; it is not sufficient for a defendant to contend that the state may not have made its case had the trial proceeded without the continuance. *State v. Kasten,* 170 Ariz. 224, 226–27, 823 P.2d 91, 93–94 (App.1991); *State v. Zuck,* 134 Ariz. 509, 514–15, 658 P.2d 162, 167–68 (1982). Defendant has made no such showing in this case. No allegation is made that witnesses or evidence were lost during

this time, that defendant was subjected to prolonged confinement because of the delay, or that the length of the delay was unreasonable. *See e.g., Lukezic,* 143 Ariz. at 69–70, 691 P.2d at 1097–98, *State v. Tucker,* 133 Ariz. 304, 309, 651 P.2d 359, 364 (1982). Indeed, the record indicates that defendant was on release status during the continuance, and that he had already waived the time limits twice to exclude time for four months on his own motion.

■ ¶ 23   A second reconciling factor is defendant's failure to bring the trial court's error to our attention in a pretrial petition for special action. Had a timely pretrial petition been filed, this court could have reversed the trial court's erroneous exclusion of time and remanded for a determination whether the mandatory dismissal should be with or without prejudice. *See Berger,* 111 Ariz. at 341, 529 P.2d at 692. We have previously afforded this remedy in granting special action relief from orders denying pretrial motions to dismiss based on Rule 8 time violations. *See, e.g., Humble v. Superior Court,* 179 Ariz. 409, 880 P.2d 629 (App.1993). We believe that a pretrial special action is an appropriate procedural vehicle to seek relief if the trial court fails to grant dismissal from a timely objection to a violation of the Rule 8 time limits. *See, e.g., State v. Kangas,* 146 Ariz. 155, 157, 704 P.2d 285, 287 (App.1985) ("ordinarily a defendant should be required to seek appellate special action review when he disagrees with the ruling that a dismissal is without prejudice").

¶ 24   We are aware that our supreme court has rejected the requirement that *all* speedy trial issues should be brought by special action; however, it has also acknowledged that "a special action on speedy trial issues promotes judicial economy." *Tucker,* 133 Ariz. at 306, 651 P.2d at 361. Similarly, we do not foreclose post-trial relief on appeal after conviction when a defendant has established that a Rule 8 violation has prejudiced his defense or impaired his right to a fair trial. However, as our supreme court has recently stated, in cases "where an appeal makes no sense," "a party must seek relief by special action," to be entitled to relief from an error involving "a rule-driven 'mat-

ter of grace.'" *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996).

¶ 25 We emphasize that the purpose of Rule 8.6 is to afford a defendant relief from a speedy trial violation *before* his untimely trial. Rule 8 also obliges a defendant to vigorously assert his speedy trial right. Thus, for example, Rule 8 requires a defendant to notify the court of an impending speedy trial deadline in order to preserve his objection to a Rule 8 violation. *See* Rule 8.1(d). Indeed, a speedy trial error is waived on appeal if defendant has not timely objected in the trial court. *Spreitz*, 190 Ariz. at 138, 945 P.2d at 1269. We believe it is consistent with this requirement to require a defendant to bring a pretrial special action to this court in order to preserve a purely technical, nonprejudicial Rule 8 violation.

¶ 26 We also note that a technical violation of a rule or an erroneous pretrial ruling does not necessarily entitle a defendant to a reversal of his conviction after trial. *See State v. Harding*, 141 Ariz. 492, 495, 687 P.2d 1247, 1250 (1984)(court's granting of state's untimely motion to suspend Rule 8 time limits, although technically a violation of Rule 8, did not require reversal of conviction where no prejudice from error was shown); *Kangas*, 146 Ariz. at 158, 704 P.2d at 288. Our requirement of a showing of prejudice in order to achieve a post-conviction reversal on Rule 8 grounds is consistent with these authorities as well.

¶ 27 This fundamental principle also applies in other areas of the law. For example, a defendant may not seek reversal of conviction on appeal based on error in grand jury proceedings. *See* Rule 12.9, Arizona Rules of Criminal Procedure; *State v. Murray*, 184 Ariz. 9, 32, 906 P.2d 542, 565 (1995), *cert. denied*, 519 U.S. 874, 117 S.Ct. 193, 136 L.Ed.2d 130 (1996)(any error in finding probable cause is harmless after jury finds a defendant guilty beyond a reasonable doubt). If an evidentiary ruling erroneously admits a tainted pretrial identification, that error does not require reversal after conviction if the error is found harmless. *State v. Dessureault*, 104 Ariz. 380, 384, 453 P.2d 951, 955 (1969). If gruesome photographs are erroneously shown to the jury, but found to be harmless, reversal is not warranted. *Spreitz*, 190 Ariz. at 142, 945 P.2d at 1273. Even an acknowledged due process error does not require reversal of conviction if it is not prejudicial. *State v. Rodriguez*, 186 Ariz. 240, 246, 921 P.2d 643, 649 (1996). Nor may a defendant seek reversal after conviction based on an erroneous pretrial ruling on a notice of change of judge. *See Taliaferro*, 186 Ariz. at 223, 921 P.2d at 23. In *Taliaferro*, our supreme court concluded that "such errors are not well suited to an appeal after final judgment" because of the difficulty in showing prejudice from the pretrial error on appeal, and because it "would convert what is essentially a 'matter of grace' into a trump card which would later destroy the validity of the proceedings." *Id.* Similarly, in *Spreitz*, our supreme court observed:

> The Rule 8 right to a speedy trial is not fundamental, but "a procedural right, 'not a shield by which the accused may avoid trial and possible punishment by taking advantage of loopholes in the law or arithmetic errors.'"

190 Ariz. at 139, 945 P.2d at 1270, quoting *State v. Henry*, 176 Ariz. 569, 578, 863 P.2d 861, 870 (1993).

¶ 28 We believe the situation before us is analogous. In the absence of a showing of resulting prejudice to his defense, we find no reason to reverse defendant's conviction of guilt beyond a reasonable doubt based on a harmless, technical violation of a procedural rule from which defendant did not seek pretrial relief.

¶ 29 Furthermore, we disagree with defendant that this holding will violate the supreme court's ruling in *Berger*, which required dismissal of the charges in a special action brought by the prosecution before trial to review the trial court's dismissal after a pretrial motion. *See* 111 Ariz. at 341, 529 P.2d at 692. No trial had yet been held in *Berger*; thus, under our analysis, no prejudice needed to be established under Rule 8.6 at that point in the prosecution for defendant to be entitled to a remand for dismissal of the charges with or without prejudice.

¶ 30 We therefore conclude that defendant is not entitled under Rule 8.6 to

dismissal of the charges on appeal after conviction based on a violation of Rule 8 time limits without a showing of any prejudice. We do not believe Rule 8.6 requires a contrary result, nor that it was designed further to prolong the disposition of defendant's case. If we were to remand this case for dismissal of the charges and the trial court were to grant dismissal without prejudice (because defendant has shown none), and the county attorney were to refile the charges, the time limits of Rule 8 would begin again. *See State v. Garcia,* 170 Ariz. 245, 823 P.2d 693 (App. 1991). "The result insofar as the defendant's right to be speedily brought to trial is obvious." *Heise,* 117 Ariz. at 525, 573 P.2d at 925. That result is exactly what the speedy trial rules were enacted to prevent. *Id.*

¶ 31 Because defendant has not established that the technical speedy trial error in this case prejudiced his defense in any way or deprived him of a fair trial, he has not established the prejudicial error necessary to warrant reversal of his conviction on appeal. For that reason, we find the trial court's violation of Rule 8.4(c) harmless beyond a reasonable doubt, and we affirm the convictions and sentences.

FIDEL, P.J., concurs.

GARBARINO, Judge, dissenting:

¶ 32 I respectfully dissent. The record does not reveal an attempt by the State to secure Officer Hamilton's attendance at trial or to subpoena him for trial. The fact that a person is in the military does not, by that fact alone, make that individual immune from civil process. *State v. Ratzlaff,* 27 Ariz.App. 174, 176, 552 P.2d 461, 463 (1976) (citing 6 C.J.S. *Armed Services,* § 140 (1975)). Even though Officer Hamilton is in the military, the State should have attempted to compel his attendance by using the appropriate civil process designed to secure the attendance of witnesses. *See id.* Only after an unsuccessful attempt to subpoena Officer Hamilton could the State contend that he was indeed unavailable, that extraordinary circumstances existed, and that the requested continuance was indispensable to the interests of justice.

¶ 33 The majority concludes that the unavailability of the State's key witness constitutes extraordinary circumstances for pur-

poses of Rule 8.5. I would agree if the record reflected more than the State's assurance to the trial court that its witness was not available for trial. The State must do more. Police officers, as representatives of the state, are required to make some adjustments in their schedules in order to be available for trial. *See State v. Strickland,* 27 Ariz.App. 695, 696, 558 P.2d 723, 724 (1976). The State cannot justify a continuance by merely alleging a scheduling conflict. *Cf. id.* (bare allegation of "vacation conflict" did not justify continuance). The State cites *State v. Lukezic,* 143 Ariz. 60, 70, 691 P.2d 1088, 1098 (1984) (discussing *State v. Heise,* 117 Ariz. 524, 573 P.2d 924, (App.1977)), contending that the Arizona Supreme Court has acknowledged that the unavailability of a vacationing witness may constitute an extraordinary circumstance. However, the State fails to mention that the court in *Heise* went on to state that a scheduling conflict, which the prosecutor's office could have foreseen, would not constitute an extraordinary circumstance. 117 Ariz. at 526, 573 P.2d at 926. As the supreme court noted in *Lukezic,* the unavailability of the witness in *Heise* was not enough to justify a continuance because the delay was foreseeable by the prosecutor. 143 Ariz. at 70, 691 P.2d at 1098. For extraordinary circumstances to exist, the State must also show that it was unforeseeable that a witness would be unavailable. *See Heise,* 117 Ariz. at 526, 573 P.2d at 926. Like the prosecutor in *Heise,* the State knew or should have known that Officer Hamilton was scheduled to attend a training course and that it should be prepared to offer evidence that he could not be subpoenaed. Although the State could have easily done so, it failed to offer any evidence to establish that extraordinary circumstances existed justifying a continuance. The trial court committed reversible error by determining, without the benefit of any evidence, that Officer Hamilton was unavailable and that his unavailability created an extraordinary circumstance justifying the granting of the State's request for a continuance.

¶ 34 The majority, although conceding that the trial court did abuse its discretion by excluding the eight days that the case was pending assignment "while riding the calendar," concludes that the infraction does not

warrant a dismissal of the charges. Although acknowledging that there are many cases to the contrary, the majority concludes that the caselaw supports a finding of no harm, no foul.

¶ 35 Without getting into a discussion of the many cases that discuss the same issue and appear to arrive at different results, I cannot concede away defendant's right to a speedy trial as easily. I would rely upon the rule our supreme court has given us and its subparts. Rule 8.6 tells us that for a violation of a Rule 8 time limit, the court *"shall on motion of the defendant, or on its own initiative, dismiss the prosecution with or without prejudice."* (Emphasis added.) The rule does not provide that the court can search for reasons or speculate why it should not dismiss. It does not say that the charges can be dismissed before trial but that they should not be dismissed after trial absent certain conditions. The rule clearly states that the court "shall" dismiss.

¶ 36 The bottom line is either we have a rule or we do not have a rule. A rule riddled with exceptions provides little if any guidance to trial judges and attorneys. I would stay the course and apply Rule 8.6 as I believe the drafters meant it to be applied. I would reverse and remand to the trial court to determine whether the dismissal is to be with or without prejudice.