NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANK LEE CULVER, *Appellant.*

No. 1 CA-CR 15-0294
FILED 2-21-2017

Appeal from the Superior Court in Apache County
No. S0100CR201300276
The Honorable Michael P. Roca, Judge *Pro Tempore Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Emily Danies, Attorney at Law, Tucson
By Emily L. Danies
*Counsel for Appellant*

Frank Lee Culver, Douglas
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**C A T T A N I**, Judge:

¶1        Frank Lee Culver appeals his conviction of second degree money laundering and the resulting sentence. Culver's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous.

¶2        Culver filed a supplemental brief in which he raised the following issues: (1) whether evidence gathered at the time of his arrest should have been excluded because the arrest may have been based on invalid warrants, (2) whether there was probable cause to arrest him for money laundering and possession of marijuana, (3) whether collateral estoppel precluded the State from refiling the money laundering charge, (4) whether the court violated his speedy trial rights, and (5) whether the court improperly denied his requests for hearings and for expert witnesses.[1]

¶3        After considering the issues raised in Culver's supplemental brief and searching the record for reversible error, *see State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), we affirm his conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶4        In September 2013, Apache County Sheriff's Deputy Clark stopped a car heading westbound on Interstate 40 for following too closely behind the car in front of it. Both the driver, Joshua Habig, and the passenger, Culver, gave Deputy Clark identification when asked. Habig also gave Deputy Clark a rental agreement indicating that the car had been rented by a third party who was not present in the vehicle. Both Habig and

---

[1]        Culver also raises issues related to a civil forfeiture proceeding regarding property seized during his arrest. But this court previously held that Culver failed to properly challenge that proceeding, *State ex rel. Brnovich v. Culver*, 240 Ariz. 18 (App. 2016), and we will not revisit that decision through this appeal.

Culver told Deputy Clark they were driving to California, but they gave different stories about the reason for their trip.

¶5         Deputy Clark ran a warrant check on both men and began to write Habig a warning for following too closely. A dispatcher informed Deputy Clark that Culver was wanted on two California warrants, one for an unspecified non-extraditable felony offense, the other for felony parole violation. Deputy Clark arrested Culver, and while searching him discovered three envelopes in his pockets containing approximately $18,000.

¶6         After Deputy Clark finished filling out Habig's warning citation, Habig consented to a search of the vehicle. This search yielded $17,000 in cash-stuffed envelopes, 1.5 grams of marijuana, and trash bins in the trunk that "reeked" of marijuana odor and had marijuana residue inside of them.

¶7         Culver was arrested and charged with possession of marijuana, possession of drug paraphernalia, and money laundering. The justice court initially dismissed the money laundering charge, finding that the State did not establish probable cause because Culver had receipts for the money found in the vehicle. The State refiled the money laundering charge, however, after Habig admitted that he and Culver were driving to California to purchase marijuana. The court eventually dismissed the possession charges because Culver was a California medical marijuana cardholder. *See* Ariz. Rev. Stat. ("A.R.S.") § 36-2811(B)(1).[2]

¶8         A jury convicted Culver of money laundering in the second degree. The jury found two aggravating circumstances: the presence of an accomplice and the commission of the crime for pecuniary gain. Culver also admitted two prior felony convictions; the record suggests—and Culver does not dispute—that these convictions qualify as historical prior felony convictions under A.R.S. § 13-105(22). The court found as mitigating circumstances Culver's openness to rehabilitation and his family support network. The court sentenced Culver as a repetitive offender to a slightly aggravated term of 13 years in prison, with credit for 528 days of presentence incarceration. Culver timely appealed.

---

[2]        Absent material revisions after the relevant date, we cite a statute's current version.

3

## DISCUSSION

I.    **Culver's Supplemental Brief.**

A.    **Motion to Suppress.**

¶9          Culver argues that the evidence obtained during the search incident to arrest and the search of the rental car should have been suppressed because the arrest was based on invalid warrants. The superior court denied Culver's motion to suppress, finding that Deputy Clark had "a number of reasons that he could legally search [the] vehicle" even if the arrest warrants had been defective.

¶10         In reviewing the court's denial of Culver's motion to suppress, "[w]e defer to the court's factual findings, but review its legal conclusions de novo." *State v. Bennett*, 237 Ariz. 356, 358, ¶ 8 (App. 2015). We review only the evidence presented at the suppression hearing, and consider it in the light most favorable to sustaining the court's ruling. *State v. Brown*, 233 Ariz. 153, 156, ¶ 4 (App. 2013). "We will uphold the court's ruling if legally correct for any reason supported by the record." *State v. Childress*, 222 Ariz. 334, 338, ¶ 9 (App. 2009).

¶11         Culver's argument fails because Habig consented to Deputy Clark searching the car. *See United States v. Matlock*, 415 U.S. 164, 169–70 (1974). Moreover, as the superior court noted at the suppression hearing, there were additional bases for the search. For example, the search was proper under the automobile exception to the warrant requirement of the Fourth Amendment, which allows an officer to search a "readily mobile vehicle" if there is probable cause to do so. *State v. Reyna*, 205 Ariz. 374, 375, ¶ 5 (App. 2003). Deputy Clark indicated that he smelled marijuana before searching the car, the person listed on the rental agreement was not present, and Habig and Culver gave inconsistent stories when asked why they were going to California. These factors gave Deputy Clark probable cause to search the car without a warrant under the automobile exception.

¶12         Culver's reliance on *State v. Sweeney*, 224 Ariz. 107 (App. 2010), is misplaced. In *Sweeney*, an officer allowed the defendant to return to his car following a traffic stop, then called out to the defendant, asking for consent to search the vehicle. *Id.* at 109, ¶ 5. When the defendant declined, the officer detained him, waited for a second officer to arrive, and searched the vehicle. *Id.* at 109–10, ¶¶ 5–6. This court held that the search was illegal because the defendant's denial of consent did not give the officer reasonable suspicion to initiate a second detention and a search. *Id.* at 114–

15, ¶¶ 30–32. Here, Habig consented to the search. Accordingly, *Sweeney* is inapposite.

### B.   Probable Cause for Arrest.

**¶13**     Culver argues that Deputy Clark lacked probable cause to arrest him for money laundering because possession of a large sum of money is not a crime. Culver's argument fails because, as relevant here, a person commits money laundering when he "[a]cquires or maintains an interest in, transacts, transfers, transports, receives or conceals the existence or nature of racketeering proceeds knowing or having reason to know that they are the proceeds of an offense." A.R.S. § 13-2317(B)(1). The purchase and sale of marijuana are racketeering offenses. A.R.S. §§ 13-2317(F)(3)(c), -2301(D)(4)(b)(xi). An officer has probable cause that an offense has been committed when he observes "facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of guilt." *State v. Emery*, 131 Ariz. 493, 506 (1982) (citation omitted).

**¶14**     As Deputy Clark arrested Culver for money laundering, he told Culver "you can't have that much cash and be running around with it, it's considered money laundering." Culver points to this statement as proof that Deputy Clark arrested Culver solely because he was found with a large amount of money. But Culver's argument ignores other evidence observed by Deputy Clark, such as the bins with marijuana residue and Culver and Habig's inconsistent statements about the nature of their trip. Deputy Clark could reasonably infer from this evidence that the money was connected to the sale of drugs and that he had probable cause to arrest Culver and Habig for money laundering. *See Maryland v. Pringle*, 540 U.S. 366, 373 (2003) (holding an officer could infer a common illegal enterprise among all passengers in a vehicle where drugs and a large sum of cash were present).

**¶15**     Culver also argues that Deputy Clark lacked probable cause to arrest him for possession of marijuana and paraphernalia, because Culver could legally possess the small amount of marijuana found in the vehicle. But Culver initially denied that the drugs were his, without indicating that he had a medical marijuana card. And in any event, this issue is moot because there was clearly probable cause to arrest him for money laundering.

### C.   Collateral Estoppel.

**¶16**     Culver argues that the doctrine of collateral estoppel precluded the State from refiling the money laundering charge after the

justice court dismissed it. Collateral estoppel precludes re-litigation of an issue of ultimate fact already determined in a previous final judgment involving the same parties. *State v. Jimenez*, 130 Ariz. 138, 140 (1981). But a dismissal without prejudice is not a final judgment for purposes of collateral estoppel, *State v. Greenberg*, 236 Ariz. 592, 599, ¶ 30 (App. 2015). And here, the court dismissed Culver's original money laundering charge without prejudice after determining there was no probable cause to bind the case over to superior court. Accordingly, the dismissal did not preclude prosecutors from refiling the charge after Habig confessed that they intended to use the money to purchase drugs. *See also* Ariz. R. Crim. P. 5.4 cmt. to 2007 amend. (noting that after a magistrate dismisses a case for lack of probable cause, the prosecutor thereafter may file another complaint); *State v. Elling*, 19 Ariz. App. 317, 318 (App. 1973).

### D.    Speedy Trial.

**¶17**         Culver alleges that the superior court violated his speedy trial rights under Rule 8 of the Arizona Rules of Criminal Procedure, and under the United States and Arizona Constitutions. *See* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. In the absence of excludable time, Rule 8.2(a)(1) required that Culver be brought to trial by May 29, 2014, 150 days after his arraignment. Excludable time includes any delays occasioned by Culver or on his behalf. Ariz. R. Crim. P. 8.4(a).

**¶18**         Culver's trial began on February 11, 2015, which was 259 days beyond the initial speedy trial deadline. We generally review the superior court's decision to exclude time for an abuse of discretion. *State v. Spreitz*, 190 Ariz. 129, 136 (1997). But because Culver only alleged a speedy trial violation once, on June 5, 2014, we review any alleged violations after that date only for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005).

**¶19**         Culver has not established that the court abused its discretion by denying his asserted speedy trial violation, and there was no fundamental error from that point forward, particularly in light of Culver's failure to alert the court to any asserted speedy trial violation. *See Spreitz*, 190 Ariz. at 138.

**¶20**         The court initially set a trial date of April 16, 2014, within the original 150-day limit. Culver thereafter filed two motions for a change of judge that caused delays of 9 and 21 days, respectively. The court vacated the original trial date when Culver requested advisory counsel only two weeks before trial. This led to a delay of 60 days, which ended when the

court set a new July trial date. Culver filed his allegation of a speedy trial violation shortly after this delay. Because all delays to that point had been occasioned by Culver or were on his behalf, the court did not abuse its discretion by denying Culver's speedy trial allegation.

¶21       Any delay following the denial of Culver's speedy trial allegation did not result in fundamental, prejudicial error. All the time between June 11 and July 8 was excludable due to two continuances on Culver's behalf and the entry of a stay. The court set a new October trial date after this delay, but this trial date was vacated when Culver again filed a motion for a change of judge, which was denied 36 days later. After 27 more days of delay, the court set a trial date of February 11, 2015. Culver also filed no fewer than nine motions to dismiss during the pendency of the case, and even though the court did not explicitly exclude time every time Culver's motions caused a delay, the motions to dismiss created delay attributable to Culver and did not result in a speedy trial violation.

¶22       Moreover, even assuming Culver's trial was held outside the Rule 8 time limits, he is not entitled to relief because he has not established that he was prejudiced by the delay. *See State v. Vasko*, 193 Ariz. 142, 147, ¶ 22 (App. 1998). A speedy trial violation is only prejudicial when the defendant can show "that his defense has been harmed by the delay." *Id.* Although Culver alleges that he lost contact with witnesses because of the delay, he does not point to any specific evidence in the record supporting this claim, and our independent review of the record reveals none.

¶23       The record similarly does not support Culver's argument asserting a constitutional speedy trial violation. When analyzing a potential constitutional speedy trial violation, courts consider "1) the length of the delay; 2) the reason for the delay; 3) whether the defendant has demanded a speedy trial; and 4) the prejudice to the defendant." *State v. Lukezic*, 143 Ariz. 60, 69 (1984) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). Prejudice is the most important factor in determining whether a constitutional speedy trial violation has occurred. *Spreitz*, 190 Ariz. at 139–40. Culver has not established prejudice, and no other factor militates significantly in his favor. Accordingly, he is not entitled to a reversal of his conviction on this basis.

### E.       Denial of Hearings, Oral Arguments, and Expert Witnesses.

¶24       Culver argues that the court erred by denying his requests for hearings and oral arguments on his motions. But hearings and arguments are not automatically required upon request, and under Rule 35.2 of the

Arizona Rules of Criminal Procedure, "[t]he court may limit or deny oral argument on any motion." This rule is designed "to give the court maximum discretion in deciding what procedures" to use when ruling on written motions. Ariz. R. Crim. P. 35.2 cmt. Here, Culver does not point to unresolved fact issues that required a hearing, and the court did not abuse its discretion when it ruled on many of Culver's motions by court order without oral argument.

¶25    Culver also claims that the court erred by rejecting his requests for expert witnesses. Although the court must provide an indigent defendant with an expert witness when such a witness is reasonably necessary, Ariz. R. Crim. P. 15.9(a), the determination of necessity is within the court's discretion. *Jones v. Sterling*, 210 Ariz. 308, 315, ¶ 29 (2005). Culver requested an expert on police misconduct, an expert on GPS who could testify as to whether Habig was speeding at the time of the stop, an expert on selective enforcement, and an expert on civil forfeiture. The court did not abuse its discretion by denying these requests because Culver's motions did not demonstrate how any of these expert witnesses would be reasonably necessary. *See State v. Apelt*, 176 Ariz. 369, 375 (1993) ("Mere undeveloped assertions that the requested assistance would be beneficial are not enough.") (quotation omitted).

## II.    Fundamental Error Review.

¶26    We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶27    Culver was present and was represented by counsel or by himself at all stages of the proceedings against him.[3] The record reflects that the superior court afforded Culver all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Culver's sentence falls

---

[3]    The record does not indicate whether Culver's advisory counsel was present at a status conference held on May 12, 2014. However, even if it were error for the court to hold this hearing without Culver's advisory counsel present, there is no indication that her absence from this brief hearing, during which the court made no substantive rulings, prejudiced Culver. *See Henderson*, 210 Ariz. at 567, ¶ 20.

within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶28**         Culver's conviction and sentence are affirmed.   After the filing of this decision, defense counsel's obligations pertaining to Culver's representation in this appeal will end after informing Culver of the outcome of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Culver has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA