770 P.2d 305

**Cameron Lee CORNELL, Petitioner,**

v.

**SUPERIOR COURT, COCHISE COUN-TY, and the Honorable Judge of Division 1 Thereof, Matthew W. Borowiec, Respondents,**

and

**The STATE of Arizona, Real Party in Interest.**

**No. CV–87–0499–PR.**

Supreme Court of Arizona, En Banc.

Jan. 17, 1989.

Robert F. Arentz, Cochise County Public Defender, Perry L. Hicks, Former Cochise County Public Defender by Joseph P. DiRoberto, Deputy Public Defender, Bisbee, for petitioner.

Alan K. Polley, Cochise County Atty. by Wayne A. Dirst, Deputy County Atty., Bisbee, for State of Ariz.

MOELLER, Justice.

## JURISDICTION

Cameron Lee Cornell (defendant) petitions this court to review the court of appeals' decision to decline jurisdiction over his special action. We have jurisdiction pursuant to article 6, § 5(3) of the Arizona Constitution.

## FACTS

On March 15, 1985, defendant was arrested for the felony offense of driving under the influence of intoxicating liquor (DUI) with a suspended license. He was taken to the Willcox police station where he submitted to a breath test. The next day, March 16, 1985, he was taken before the Justice Court in Willcox for his initial appearance. The court set bond at $2,000.00 and remanded defendant to custody in the Cochise County Jail. Because he was in custody, his preliminary hearing should have commenced within ten days. Ariz.R. Crim.P. 5.1(a), 17 A.R.S.[1] No preliminary hearing was held and, after approximately two weeks in custody, defendant was released from jail. However, the complaint against him was not dismissed. Upon his release from jail, defendant returned to his home in Laveen, where he continued to reside until his second arrest approximately two years later.

On May 20, 1986, 431 days after his arrest, the state, without notice to the defendant or his counsel, filed in the Justice Court a motion to dismiss the complaint

---

**1.** All references to "Rules" in this opinion are to the Arizona Rules of Criminal Procedure.

"on the grounds that the State is in the process of obtaining a felony indictment against the defendant."

The motion to dismiss purported to advise the defendant as follows:

Defendant is duly advised that the criminal charges brought against him will not be dismissed with prejudice in this case, so that he is obligated to retain any exculpatory evidence in his possession, including the preservation of any sample of his breath test and the testing results of same.

Defendant is further advised that any sample of his breath should be promptly tested in order to obtain an accurate test result.

This advice, assuming it was not worthless by reason of untimeliness, was surely rendered worthless because no attempt was made to serve the defendant with the motion or its accompanying advice.

The justice of the peace signed the order of dismissal without prejudice on May 21, 1986, the day after it was filed—432 days after defendant's original arrest. Two days later, on May 23, 1986, defendant was indicted on the DUI charges for which he had originally been arrested on March 15, 1985. Although an arraignment was set for June 2, 1986, there was no attempt to advise the defendant of that fact prior to June 2. Not surprisingly, he was not present for his arraignment. Because he was not present, the superior court issued a bench warrant for his arrest. The only attempt by the state to serve defendant with notice of his indictment or arraignment date was on June 3, 1986, the day *after* the scheduled arraignment. This single attempt was unsuccessful because the deputy sheriff could not find the defendant's home in Laveen.

The "second" case, the one pursuant to indictment, then lay dormant for more than four months, at which time the superior court directed the county attorney's office to "examine the status and circumstances of said case" and take some appropriate action. Notice of this order went only to the county attorney, not to the defendant. In response to the court's directive, the county attorney, on October 24, 1986, moved to dismiss the indictment without prejudice, asserting "that the whereabouts of the defendant are unknown at this time." Again, no effort was made to serve the defendant with this motion. Pursuant to the motion and without notice to the defendant, the superior court dismissed the indictment without prejudice on October 27, 1986, 157 days after the indictment had been filed.

On March 9, 1987, more than four-and-a-half months later, defendant was arrested on the June 2, 1986, bench warrant. On March 25, 1987, the county attorney moved to resume prosecution, reciting that the "defendant has been located and is being brought before the court." Although the defendant "had been located," the record does not reflect service of the "motion to resume" upon him. However, he may have known of the motion because he was again in custody. The superior court granted the motion to resume prosecution the same day it was filed. No new, third complaint or indictment was filed—proceedings simply resumed under the case number of the dismissed indictment.

After the state resumed prosecution, an arraignment was set for April 6, 1987. Defendant failed to appear and the arraignment was continued to April 13. The defendant again failed to appear, a bench warrant was issued, defendant was again arrested and finally arraigned on June 1, 1987. Trial was set for August 25, 1987. Defendant moved to dismiss on speedy trial grounds. The trial court denied the motion, the court of appeals declined special action jurisdiction, and we granted defendant's petition for review.

## QUESTION PRESENTED

Does the violation of the time limits contained in Rule 8 of the Arizona Rules of Criminal Procedure require us to dismiss this case with prejudice?

## DISCUSSION

From defendant's arrest on March 15, 1985, until his arrest again on March 9,

1987, a period of almost two full years, the state failed to prosecute this felony DUI case in any respect and has demonstrated no adequate reason for not doing so. We have previously dealt with unconscionable delays in the prosecution of DUI cases. *Oshrin v. Coulter*, 142 Ariz. 109, 688 P.2d 1001 (1984); *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986).

In *Hinson*, we held that, in DUI cases, failure to comply with Rule 8 results in dismissal with prejudice. We also held that these time periods are not extended by the state's act of dismissing one complaint and then later filing a new complaint.[2] In *Oshrin*, we held that the delay and attendant circumstances combined to violate the defendant's due process rights. Although this case could be dismissed on due process grounds, we do not need to reach constitutional grounds because Rule 8 is dispositive.

### A. The First Rule 8 Violation

Even if we exclude the periods of time when no complaint was pending (which times must now be included under *Hinson*), the state still clearly, grievously, and repeatedly violated Rule 8. The defendant was first arrested on March 15, 1985, and charged with felony DUI. Because the defendant was in custody, a preliminary hearing should have been held by March 26—ten days following his initial appearance. Ariz.R.Crim.P. 5.1(a), 17 A.R.S. No such preliminary hearing was held. After about two weeks, the defendant was released from custody.

Under Rule 8.2, the state had, at most, 150 days from the date of arrest to bring the defendant to trial. It did nothing for 431 days; the state then moved *ex parte* to dismiss the case without prejudice.[3] Under Rule 16.5, a court may dismiss a case on a prosecutor's motion provided good cause is shown and provided the court finds that the purpose of the dismissal is not to avoid Rule 8. Here, the prosecutor did not make the requisite showing and could not have on this record; this record demonstrates that the *only* reason for dismissal was to "restart the clock" and get a "new" 150 days. The court never should have granted the first motion to dismiss without prejudice. Had the prosecutor served the motion on the defendant so that defendant or his counsel could have advised the court of the facts, the court presumably would have followed the law and dismissed the case with prejudice.

### B. The Second Rule 8 Violation

Having obtained the *ex parte* dismissal without prejudice, the prosecutor obtained an indictment on May 23, 1986. Trial should have been held within 90 days of arraignment (Rule 8.2(c)), or within 120 days from initial appearance (Rule 8.2(c)) or at most, within 150 days from service of the summons or arrest (Rule 8.2(a)). For no justifiable reason of record, the state did absolutely nothing until the court ordered it to check the status of the case and take appropriate action. Thus, goaded into action, the state responded by obtaining a second *ex parte* dismissal without prejudice on October 27, 1986, 157 days after the indictment was issued. After this second dismissal, the state did nothing until defendant was arrested for the second time on March 9, 1987.

When the trial judge denied the defendant's motion to dismiss, he correctly found that the defendant had made himself absent during a relatively short period of time in 1987. The record shows that defendant failed to appear for scheduled arraignments on April 6, and April 13, 1987. This failure led the court to issue a bench warrant. However, the trial court's finding that the defendant "could not be found, served or arrested in 1986 or 1985" is not supported by the record. The state offers no justification for the delay nor does it submit any evidence of diligence in attempting to serve the defendant. Indeed,

---

**2.** *Hinson* does not directly apply to the instant case because it is prospective only and the defendant's original arrest in this case was prior to the issuance of the mandate in *Hinson*.

**3.** We note that the complaint should have been dismissed nine months earlier when the state failed to try the defendant within 150 days.

the record shows that the defendant resided at his usual residence throughout these proceedings. The state made a single, belated attempt to serve defendant 446 days after his arrest. This single attempt was unsuccessful not because of anything the defendant did, but because the deputy could not find his house.

## CONCLUSION

The state's delay in this case is inexcusable, as is its lack of diligence in attempting to serve the defendant and in repeatedly presenting *ex parte* motions to the court and obtaining *ex parte* orders from the court with no attempt to advise the defendant of such motions or orders. Rule 8.6 is clear:

> If the court determines after considering the exclusions of Rule 8.4, that a time limit established by Rules 8.2(a), 8.2(b), 8.2(c), 8.2(d), 8.3(a), 8.3(b)(2), or 8.3(b)(3) has been violated, it shall on the motion of the defendant, or on its own initiative, dismiss the prosecution with or without prejudice.

In this case, the first complaint should have been dismissed under Rule 8 because of a gross violation of the rule. Instead, the state obtained an *ex parte* dismissal without prejudice, an order which never should have been entered. Even if one totally disregards the period from March 15, 1985, to May 3, 1986, the indictment obtained by the state on May 3, 1986, should not have been dismissed without prejudice on October 27, 1986, because the state made no showing of adequate grounds for a dismissal of that type and because the state had again violated Rule 8. Even after the second dismissal, the state did nothing until after the defendant's arrest many months later. In short, the trial court should have granted the defendant's motion to dismiss with prejudice.

## DISPOSITION

The order of the trial court denying defendant's motion to dismiss is reversed. This case is remanded to the superior court with directions to dismiss the indictment with prejudice.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

Justice WILLIAM A. HOLOHAN participated in this matter but retired prior to the filing of this opinion; Justice ROBERT CORCORAN did not participate in the determination of this matter.