NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSEPH WEAVER, *Petitioner*,

*v.*

THE HONORABLE KERSTIN LEMAIRE, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

STATE OF ARIZONA, *Real Party in Interest*.

No. 1 CA-SA 23-0204
FILED 05-09-2024

Petition for Special Action from the Superior Court in Maricopa County
No. CR2023-106173-001
The Honorable Kerstin LeMaire, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Zachary Stern
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Faith C. Klepper
*Counsel for Real Party in Interest*

<hr />

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Judge Anni Hill Foster joined.  Presiding Judge Jennifer B. Campbell dissented.

<hr />

**C A T T A N I**, Judge:

**¶1**        Joseph Weaver seeks special action review of the superior court's ruling granting the State's motion to dismiss the prosecution against him without prejudice under Rule 16.4(a) of the Arizona Rules of Criminal Procedure.  For reasons that follow, we accept jurisdiction but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        In February 2023, the State charged Weaver with two counts of aggravated assault, two counts of resisting arrest, and one count of misdemeanor trespass.  The State named Officer Hawes, a law enforcement officer, as the alleged victim in each felony count.  Weaver pleaded not guilty to all charges.  At the arraignment, the court calculated Weaver's Rule 8 last day as July 24, 2023.

**¶3**        In mid-June 2023, after rejecting a plea offer, Weaver moved to continue the trial set for the next week; the State objected, presumably affirming its readiness for trial at that time.  Over the State's objection, the court granted the continuance and excluded time, calculating Weaver's new last day as September 9, 2023.

**¶4**        In mid-July 2023, the State learned that Officer Hawes had been deployed abroad by the U.S. military as of around March 2023, with an anticipated return no sooner than February 2024.  The State extended a new plea offer, noting that should Weaver reject the plea, the case would be dismissed and refiled once Officer Hawes returned, and that if the case were to be dismissed and refiled, the State would be unlikely to extend a new plea offer.  Weaver rejected the offer.

**¶5**        The State then moved to dismiss the prosecution without prejudice, noting its inability to proceed to trial without Officer Hawes and summarily declaring that "[t]his Motion is not for the purpose of avoiding Rule 8."  Weaver opposed, asserting that the State's request was precisely to avoid Rule 8 given the State's inability to proceed with trial before Rule 8 time would expire.  He requested that the court either dismiss the case

with prejudice or deny dismissal and affirm the upcoming trial date. The court ordered dismissal without prejudice.

¶6          Weaver filed a special action challenging that dismissal. This court accepted jurisdiction and granted limited relief, directing the superior court to state on the record its reasons for granting dismissal under Rule 16.4(a), including findings as to existence of good cause and non-avoidance of Rule 8. *See* Ariz. R. Crim. P. 16.4(c). The superior court then entered findings reflecting that (1) the alleged victim was abroad on mandatory military deployment with no control over when he could return, (2) the State could not proceed to trial without the alleged victim, and (3) the delay until the alleged victim's anticipated return in February 2024 would not create significant hardship for Weaver, who was not in custody and whose bond had been exonerated. Although noting the tension between Weaver's right to a speedy trial and the alleged victim's right to participate at trial, the court found good cause for dismissal and expressly found that the dismissal was not sought to avoid Rule 8 time limits.

¶7          Weaver sought emergency relief from the superior court's updated ruling, which we ordered be treated as a special action petition. We again accept jurisdiction because Weaver has no adequate remedy by appeal from an order of dismissal without prejudice. *See* A.R.S. § 13-4033; Ariz. R.P. Spec. Act. 1(a); *State v. Paris-Sheldon*, 214 Ariz. 500, 508, ¶ 23 (App. 2007).

**DISCUSSION**

¶8          Weaver asserts that the superior court incorrectly determined the State's motion to dismiss was not to avoid Rule 8 time limits and that the court should have denied dismissal and proceeded with trial. We review the court's dismissal ruling for an abuse of discretion. *State v. Leota*, 256 Ariz. 320, 324, ¶ 16 (App. 2023).

¶9          Rule 16.4 governs pretrial dismissal of prosecutions. Relevant here, subsection (a) authorizes—but restricts—dismissal on the State's motion. *See* Ariz. R. Crim. P. 16.4(a); *Earl v. Garcia*, 234 Ariz. 577, 577, ¶ 1 (App. 2014). This rule permits the court, on the State's motion, to dismiss a prosecution without prejudice for "good cause" and upon finding that the dismissal is "not to avoid Rule 8 time limits." Ariz. R. Crim. P. 16.4(a).[1]

---

[1]          In full, Rule 16.4(a) provides: "On the State's motion and for good cause, the court may order a prosecution dismissed without prejudice if it finds that the dismissal is not to avoid Rule 8 time limits."

3

Rule 8 time limits effectuate a defendant's speedy trial rights by codifying stricter limits than required under constitutional speedy-trial provisions. Ariz. R. Crim. P. 8.2; *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 339 (1974); *see also* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. Neither party disputes the superior court's calculation of Weaver's Rule 8 last day as September 9, 2023. *See* Ariz. R. Crim. P. 8.2(a); *see also* Ariz. R. Crim. P. 8.4 (excluded periods), 8.5(b) (continuance for extraordinary circumstances in the interests of justice).

¶10        Here, the State moved to dismiss less than two months before the last day because Officer Hawes was unavailable due to his military deployment abroad. Weaver does not meaningfully dispute that the alleged victim's unavoidable absence supports the court's finding of "good cause" for dismissal, and we likewise take no issue with the finding that Officer Hawes's military deployment satisfied Rule 16.4(a)'s "good cause" requirement.

¶11        Weaver asserts, however, that the State's dismissal request was for the purpose of avoiding Rule 8 time limits, rendering the Rule 16.4(a) dismissal without prejudice inappropriate. He argues, with some intuitive force, that the State's professed inability to go to trial within Rule 8 time limits (given Officer Hawes's absence) coupled with its stated intent to refile charges months after Rule 8 time would have expired (upon Officer Hawes's return) means the dismissal request was necessarily to avoid a trial within Rule 8 time.

¶12        But Rule 16.4(a)'s focus on "avoid[ing]" Rule 8 puts the emphasis on the State's conduct, not simply the passage of time.[2] Thus, we conclude that Rule 16.4(a)'s inquiry into whether the State seeks dismissal to "avoid" Rule 8 time limits must center on whether the State engaged in deleterious conduct of some sort, as by unreasonably delaying the proceedings or failing to take actions that could have facilitated trial within Rule 8 limits.

¶13        Here, the State (like Officer Hawes himself) had no control over the military's decision to deploy Officer Hawes abroad or the duration of the deployment. And because the charges against Weaver had been filed before Officer Hawes was deployed, there was nothing the State could have done differently or sooner to make Officer Hawes available for trial before

---

[2]        Indeed, because refiling charges restarts the Rule 8 clock, *see State v. Mendoza*, 170 Ariz. 184, 187 (1992), a purely passage-of-time approach would be fatal to nearly all Rule 16.4(a) dismissal requests.

Weaver's Rule 8 last day. The request for dismissal was thus based on, as the superior court found, the alleged victim's unavoidable unavailability, not because of any deleterious conduct by the State seeking to "avoid" Rule 8's strictures.

**¶14**        To be sure, there may be cases in which the defendant can show (or support an inference of) a sinister motivation on the part of the State—perhaps, for example, if the State chose to file charges despite knowing that the alleged victim would be unavoidably absent throughout Rule 8 time. And there may be cases in which the State arguably could have done something different to enable trial within Rule 8 limits. *Cf. State v. Vasko*, 193 Ariz. 142, 144–45, ¶¶ 10–11 (App. 1998) (noting that "unavailability of a key witness may constitute an extraordinary circumstance" justifying a continuance under Rule 8.5(b), but *not* if the "scheduling conflict can be foreseen and avoided"). But this is not that case.

## CONCLUSION

**¶15**        The superior court acted well within its discretion by finding the State's motion was not to avoid Rule 8 time limits and ordering dismissal without prejudice under Rule 16.4(a).[3] We thus deny relief.

---

[3]        We note that Weaver alleged the State's motion to dismiss was designed to secure a tactical advantage (availability of a critical witness) and to harass him (threatening to withhold any plea offer "if the case . . . has to be refiled"), and that the action caused him prejudice (anxiety from pretrial incarceration and the threat of future prosecution). These principles would be relevant to whether dismissal for a Rule 8 violation should be with or without prejudice. *See Leota*, 256 Ariz. at 325, ¶¶ 23–24. *But see id.* at 326, ¶¶ 26–27 (noting impairment of an ability to defend against the charges is cognizable prejudice, not just anxiety or emotional stress alone). But here there was no Rule 8 violation, and the analysis applicable to dismissal under Rule 16.4(a) is, as explained above, markedly different. We note, however, that if the State opts to refile charges, these principles would likewise be relevant to a challenge to the new charges based on preindictment delay, particularly if Weaver can present evidence (should it exist) of how the delay has hampered his ability to defend against the charges. *See State v. Broughton*, 156 Ariz. 394, 397 (1988).

**C A M P B E L L,** J., dissenting:

¶16 I respectfully dissent. The Arizona Rules of Criminal Procedure were adopted to ensure a just and speedy resolution of criminal proceedings. Ariz. R. Crim. P. 1.2. Courts, parties, and crime victims should construe these rules to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the accused individual while preserving the public welfare. It is unclear how, as occurred in this case, the State has been allowed to utilize Rule 16.4 as a strategic tool to pressure defendants into taking plea agreements and to circumvent the limitations of Rule 8. *See State v. Smith*, 112 Ariz. 321, 323 (1975) (each constitutional rule of criminal procedure has "a distinct function, an individual history and precedent, and a separate impact on the administration of justice").

## I.     Rule 8

¶17 Before an arraignment, all decisions about a case are in the control of the State. The State decides what to charge and when to bring those charges, subject only to the constraints of the applicable statutes of limitation. *See U.S. v. Lovasco*, 431 U.S. 783, 789, 791–92 (1977). Once the State files charges, the speedy trial clock begins. Under Rule 8, a defendant has a right to be tried, if in custody within 150 days, and if out of custody within 180 days, from the date he is arraigned on charges in a non-capital, non-complex case. Ariz. R. Crim. P. 8.2(a).

¶18 Rule 8 was adopted to codify the defendant's right to a speedy trial under the 8th Amendment to the U.S. Constitution in Arizona's procedural rules. Rule 8 is more restrictive than the constitutional right to a speedy trial. *State v. Spreitz*, 190 Ariz. 129, 136 (1997). Yet there are procedures set forth in Rule 8 that allow for the suspension of speedy trial time limits in extraordinary circumstances—namely, motions to continue. Ariz. R. Crim. P. 8.5(b). Motions to continue beyond the speedy trial date are permissible "on a showing that extraordinary circumstances exist, and the delay is indispensable to the interests of justice, and only for so long as is necessary to serve the interests of justice." Ariz. R. Crim. P. 8.5(b).

## II.     Rule 16

¶19 Rule 16 is a procedural mechanism employed by a party to dispose of a criminal case after an arraignment, but before a conviction or acquittal. For the dismissal to be without prejudice, the State must demonstrate both "good cause" and that "the dismissal is not to avoid Rule 8 time limits." Ariz. R. Crim. P. 16.4(a). If the State makes both showings,

the court may grant the motion, allowing the State the opportunity to refile the charges later. This dismissal restarts the Rule 8 clock if the State chooses to re-indict the defendant. *State v. Mendoza*, 170 Ariz. 184, 187 (1992).

¶20　　　As such, Rule 16.4(a) requires the court to engage in an inquiry into the motivation for the dismissal, and a dismissal without prejudice should not be automatically granted. Justice Douglas highlighted in a concurring opinion that "[t]he duty which the Sixth Amendment places on Government officials to proceed expeditiously with criminal prosecutions would have little meaning if those officials could determine when that duty was to commence." *U.S. v. Marion*, 404 U.S. 307, 331–32 (1971) (Douglas, J., concurring). Because a dismissal without prejudice restarts the Rule 8 clock, *Mendoza*, 170 Ariz. at 187, it is crucial that we hold the State accountable to Rule 16.4(a)'s requirements.

### III.　　Continuance Versus Dismissal

¶21　　　There will be times when the State needs to avert the time limits imposed by Rule 8 for legitimate purposes. The question then becomes which rule provides that mechanism while still protecting the accused's right to a speedy trial. The difference between a continuance under Rule 8.5(b) and a dismissal without prejudice under Rule 16.4(a) is meaningful. With a continuance, the defendant retains his right to assert speedy trial limitations, and the court retains oversight of that right. Once any "extraordinary circumstances" justifying a continuance have been remedied—for example, once a key witness becomes available—trial will be scheduled within the remaining timeframe. *See State v. Vasko*, 193 Ariz. 142, 144, ¶ 11 (App. 1998).

¶22　　　By contrast, when a case is dismissed without prejudice, the State regains complete control of what constitutes a speedy trial by resetting the Rule 8 clock to zero. *Mendoza*, 170 Ariz. at 187. A dismissal without prejudice places the State in its original pre-indictment position, while the defendant has already undergone an arraignment, faced public accusation, and, in some cases, been incarcerated. In a dissenting opinion, Justice Marshall wrote that it is "entirely unrealistic" to suggest that a defendant whose case is dismissed is placed in the same constitutional position as he was in before he was indicted. *U.S. v. MacDonald*, 456 U.S. 1, 17–19, 24 (1982) (Marshall, J., dissenting).

¶23　　　Unfortunately, our case law suggests that courts frequently grant motions to dismiss without prejudice without engaging in the proper Rule 8 inquiry. This routine practice simply provides the State a tool to

circumvent Rule 8 time limits. *See Cornell v. Superior Court (State)*, 160 Ariz. 1, 3–4 (1989) (State "clearly, grievously, and repeatedly violated Rule 8" by filing two motions to dismiss without prejudice to "restart the clock"—both granted); *State v. Ordaz*, 2 CA-CR 2010-0339, 2011 WL 6916531 at *3, ¶ 8 (Ariz. App. Dec. 28, 2011) (mem. decision) (State motion to dismiss without prejudice because key witness not served and not present on first day of trial—granted); *Boltz v. Gaines*, 1 CA-CV 06-0712, 2007 WL 5462294 at *2, ¶¶ 8–9 (Ariz. App. Oct. 4, 2007) (mem. decision) (State motion to dismiss without prejudice on day of trial because testifying witness going on vacation the next day—granted).

¶24        Here, the court seems to have engaged in an "extraordinary circumstances" balancing test inquiry pursuant to Rule 8.5(b) rather than the two-prong analysis required for a motion to dismiss by Rule 16.4(a). *Cf. Vasko*, 193 Ariz. at 144–45, ¶¶ 10–11 (witness unavailability due to Army Reserve training constituted "extraordinary circumstances" justifying a continuance). The court should have evaluated whether the State was violating the Rule 16.4 requirements for dismissals without prejudice, not just whether good cause existed for the dismissal. Ariz. R. Crim. P. 16.4(a).

¶25        I take no issue with the court's finding that the victim's deployment satisfied the "good cause" requirement of Rule 16.4(a). *See State v. Gilbert*, 172 Ariz. 402, 404 (App. 1991) (dismissals reviewed for abuse of discretion). But the court did not engage in a meaningful inquiry about whether the dismissal was sought to avoid Rule 8 time limits. In failing to do so, it rendered the second prong of Rule 16.4(a) meaningless. Moreover, the record suggests the State's purpose *was* to avoid Rule 8 time limits. Unlike the circumstances in *Vasko,* it appears the State failed to communicate with the victim, improperly extended plea agreements without the victim's input, learned the victim was deployed, and then attempted to erase its mistakes by dismissing the case and starting over once the victim could participate. Where there is nothing ambiguous about a rule's language, we must apply it as written. *Bilke v. State*, 206 Ariz. 462, 464, ¶ 11 (2003).

¶26        The court's decision to grant the State's motion to dismiss absent a finding that the dismissal was not to avoid Rule 8 time limits amounted to error. Instead, had the court found "extraordinary circumstances," it could have granted a continuance under Rule 8.5(b). A continuance would have both preserved Weaver's speedy trial rights and accommodated the victim's right to be present for trial. *See Vasko*, 193 Ariz. at 144, ¶ 11 (witness unavailability may constitute "extraordinary circumstances" justifying a continuance, though continuance may not be

warranted if unavailability was foreseeable or avoidable). For these reasons, I dissent.



AMY M. WOOD • Clerk of the Court
FILED:    TM